TOOTLE, HOSEA & CO. v. JOSEPH CAHN & CO.

ATTACHMENT—*Priority of Liens.* Property was attached at the instance of several creditors, two of whom were contending for priority. Under an order of the court, the attached property was sold, and the proceeds brought into court and placed in the hands of the clerk, to await its further order. After the levies were made, one of the contesting creditors, whose levy was first in point of time, voluntarily dismissed his action, and began another, in which he sought to garnish the funds in the hands of the clerk. Prior to this time and to the dismissal of the former action, the debtor assigned and transferred all his right and interest in the funds in the hands of the clerk to the other contesting creditor. *Held,* That, as the assignment and transfer were made in good faith, they became effective as against the first attaching creditor upon the dismissal of his action, and gave to the second attaching creditor the superior claim and right to the funds in the hands of the clerk.

### Error from Clark District Court.

ACTION by *Tootle, Hosea & Co.,* against E. S. Miner. Plaintiff had judgment, and an order continuing the lien of an attachment previously issued. *Joseph Cahn & Co.,* intervening, moved to set aside the attachment so far as the same appeared to be superior to an attachment in their favor against the same defendant. From a judgment sustaining the motion, at the January term, 1889, plaintiffs bring error.

*Reed, James & Randolph,* for plaintiffs in error:

The court erred in not sustaining plaintiffs' demurrer to the evidence of Jos. Cahn & Co. Prior to the time of the service

of the garnishment, August 9, 1888, the clerk had accepted an order on the debtor, Miner, to pay the proceeds of the attached property to Tootle, Hosea & Co., to pay the judgment they had first obtained in March, 1888, and after this judgment was set aside, and before the garnishment, Miner made written assignment of such proceeds to Tootle, Hosea & Co., as security for the amount then owing to them on the account attached for, the debt being greater than the amount of such proceeds over and above prior attachments; so that, at the time of the garnishment, Miner, the attachment debtor, had no interest in the funds.

Garnishment proceedings bind just such property, money, and credits, and only such, as belong to the defendant and are not exempt from attachment and garnishment, and are in the hands of the garnishee or owing by him to the defendant at the time when the garnishee notice is served upon the garnishee. Civil Code, § 206. As to what and the time when the lien attaches, see *Phelps v. Railroad Co.*, 28 Kas. 165; *Muzzy v. Lantry*, 30 id. 49; *Railroad Co. v. Thompson*, 31 id. 180. A plaintiff in garnishment proceedings can never obtain a garnishment lien upon more in the hands of the garnishee than the defendant owns; and, where the property or fund is exempt from judicial process, he cannot obtain a lien upon even that much. *Johnson v. Brant*, 38 Kas. 759; *Ives v. Addison*, 39 id. 172, 175; Drake, Att. (3d ed.), §§ 462, 526–528; *Dresser v. McCord*, 96 Ill. 389. See, also, 1 Wade, Att., § 27; 3 id., § 371; Waples, Att., pp. 202, 478; *Center v. McQuesten*, 24 Kas. 480; *Larimer v. Kelley*, 10 id. 298; *Tim v. Smith*, 93 N. Y. 87, 91.

*George O. Blake*, for defendants in error:

The third assignment of error in the petition in error complains that Tootle, Hosea & Co.'s demurrer to the evidence of Joseph Cahn & Co. was overruled. There was evidence tending to sustain every allegation made in Joseph Cahn & Co.'s motion, and the demurrer was properly overruled. If the demurrer was properly entertained by the court, then a

motion for a new trial was necessary to bring the evidence here for a review.

Tootle, Hosea & Co. did not resist the motion of Joseph Cahn & Co. on the ground that they owned the fund under the assignment, but insisted on their pretended attachment lien, and are here complaining because the court below found their attachment lien inferior to that of Joseph Cahn & Co. If this assignment was valid, the attachment lien of Tootle, Hosea & Co. was thereby vacated. Where a plaintiff accepts the attached property in payment of the debt sued for, this vacates the attachment lien as to subsequent attachers. Drake, Att., 6th ed., § 262; Waples, Att., p. 491; 1 Wade, Att., p. 407, § 215; *Gilbert v. Gilbert,* 33 Mo. App. 266.

The principal contention of Tootle, Hosea & Co. is, that Joseph Cahn & Co. acquired no lien upon the fund in the hands of Stockton by their attachment and garnishment, for the reason that the fund was *in custodia legis,* and that therefore they were not in a position to contest the validity of Tootle, Hosea & Co.'s lien.

Garnishment is attachment by indirect levy, and the statute (1879) makes no distinction as to the effect of direct and indirect levies. The procedure, priorities, order of service and all other directions are given in one chapter and intermingled in the same sections, no distinction being made between them. Where property is attached, either by direct or indirect levy, other creditors of the same defendant may come into the same court and through the same officers acquire a lien upon the property by subsequent writs. Comp. Laws 1879, ch. 80, § 196, *et seq.;* 19 Ohio St. 587. Under such circumstances, the doctrine of *in custodia legis* has no application whatever; otherwise, no more than one writ could be levied on the property of the debtor, and that would place it beyond the reach of all other creditors.

The opinion of the court was delivered by

JOHNSTON, J.: A retail dealer in merchandise, at Ashland, named Miner, failed in business, and the result was that sev-

eral separate attachment actions were brought against him by creditors, among whom were the parties to this proceeding. Several of the actions were prior, in point of time, to those of the parties herein, and in all of them judgments were rendered at the following term of court, in March, 1888. No controversy exists as to the actions first brought, or as to the attachments first levied. In one of the prior actions, an order was made by the court for the sale of the attached property, which was of a perishable nature, under which the proceeds of the sale were placed in the custody of the clerk of the court, to be kept by him subject to its further order, which was done. On July 30, 1888, Miner made a written transfer and order upon the clerk of the court, who was in custody of the funds, to pay to Tootle, Hosea & Co. the amount of their judgment, which order was accepted by the clerk on the same day, and subsequently an assignment and transfer to Tootle, Hosea & Co. was made by Miner of two promissory notes which were in the hands of the clerk, and had been received for a portion of the goods that had been sold. This assignment was made in duplicate, and one copy delivered to and received by the clerk on the 1st or 2d day of August, 1888. On the 30th day of July, 1888, motions were made by E. S. Miner in each of the actions brought against him by Joseph Cahn & Co. and Tootle, Hosea & Co., to set aside the judgments previously rendered, upon the ground that he was a resident of Ohio at the time the service of summons was made at his former place of business in Kansas. The motion, in the case of Tootle, Hosea & Co., was heard on July 30, when the judgment was set aside, but not the proceedings in attachment. In the case of Joseph Cahn & Co., the motion was heard upon August 8, 1888, and the judgment formerly rendered in that case was set aside, and on the following day Joseph Cahn & Co., upon their own motion, secured a dismissal of the cause without prejudice to a future action. On August 9, Miner appeared in the case of Tootle, Hosea & Co., waived the issuance

of process, entered his appearance and confessed his indebtedness to that firm for $3,856.58, and agreed that judgment might be rendered against him for that sum. The court thereupon rendered judgment in their favor for that amount, and further ordered and adjudged that the attachment which had been previously issued in the action should be sustained. On the same day, and after the dismissal of their former action, Joseph Cahn & Co. instituted another action against E. S. Miner, and immediately obtained service of summons upon him. At the same time an order of garnishment was obtained and served upon the clerk of the court, by which they undertook to garnish the funds which had been placed in his hands under an order of the court, and which were the proceeds of the sale of the attached property. It appears that the order of garnishment was served before the judgment in the case of Tootle, Hosea & Co. was entered. On the same day Joseph Cahn & Co. filed their motion in the action of Tootle, Hosea & Co. wherein they had obtained judgment, asking the court to vacate and set aside the attachment lien of Tootle, Hosea & Co., so far as the same appears to be prior and superior to that of Joseph Cahn & Co., and to adjudge the same to be junior and inferior to theirs. The clerk of the district court moved also to be discharged as garnishee in the last case brought by Joseph Cahn & Co., and several months afterwards these two motions were heard together. The court found and adjudged that the lien of Joseph Cahn & Co. was prior and superior to that of Tootle, Hosea & Co., and ordered the clerk of the court to apply the funds in his hands to the payment of the judgment of Joseph Cahn & Co., and discharged Stockton, the clerk, as garnishee. The ruling made against Tootle, Hosea & Co. was excepted to and is here for review.

We are unable to sustain the decision of the court giving priority of lien or right in the fund to Joseph Cahn & Co. When that firm dismissed its action, on August 9, it lost its lien or any claim of lien obtained in that action. Prior to

that time Miner had assigned and transferred to Tootle, Hosea & Co. all his interest in the proceeds of the sale, which were in the hands of the clerk, subject to the liens of the attaching creditors who were prior in point of time and right to the contesting parties in this case. This assignment and transfer had been received and accepted by the clerk before any new action was begun by Cahn & Co. or any garnishment process had been served. The debt and judgment of Tootle, Hosea & Co. against Miner for which the assignment was made exceeded in amount the remaining proceeds in the hands of the clerk. When the action of Cahn & Co. was dismissed, the assignment and transfer became effective, and left nothing in the hands of the clerk to be seized by the process of garnishment or attachment. More than that, on August 9 a judgment was rendered in favor of Tootle, Hosea & Co., whose action was not dismissed, in which the attachment proceedings previously obtained were sustained, and ordinarily the lien of an attachment thus sustained would relate back to the original levy of the writ. It is true the summons by which an attempt was made to garnish the clerk appears to have been served a few minutes before the entry of judgment in favor of Tootle, Hosea & Co.; but even if the latter had not already acquired a superior right over Cahn & Co., it is doubtful whether the attempted garnishment would have been of any force. The property had been seized by attachments in other actions, and by order of the court it was sold and the proceeds placed in the custody of the clerk to await its further orders. Funds so held by an officer are generally regarded to be in the custody of the court, and hence not to be reached by garnishment of the officer. But however that may be, Tootle, Hosea & Co. had previously acquired the right and interest of Miner in the funds, and we find nothing in the record which impeaches the good faith and honesty of the transaction. The debt of Tootle, Hosea & Co. was *bona fide*, and no blame is to be attached to them for making diligent endeavor to secure priority and preference, nor is there any reason why Miner might not prefer one creditor over another.

The decision and order of the court must therefore be reversed, and the cause remanded for further proceedings.

All the Justices concurring.