THE CITY OF ARKANSAS CITY v. EVELYN S. PAYNE.

No. 16,057.

SYLLABUS BY THE COURT.

1. EVIDENCE—*Pleadings—Admissions.* Where a plaintiff files a petition in an action, to which the defendant files an answer and cross-petition, which is afterward dismissed, such pleading may be used by the plaintiff as evidence upon the trial, if it contain statements which amount to admissions of the defendant material to the plaintiff.

2. PERSONAL INJURIES—*Measure of Damages—Future Pain and Suffering.* A person who recovers damages for a personal injury is entitled to compensation for future pain and suffering, where the evidence shows that such pain and suffering will be a reasonable result from the injury sustained.

3. INSTRUCTIONS—*Negligence.* Instructions examined and sustained.

23—80 KAN.

Error from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed June 5, 1909. Affirmed.

*Faulconer & Cunningham,* for the plaintiff in error.

*Charles L. Brown,* and *J. E. Torrance,* for the defendant in error; *Hackney & Lafferty,* of counsel.

The opinion of the court was delivered by

GRAVES, J.: This action was commenced in the district court of Cowley county against the city of Arkansas City, by Evelyn S. Payne, to recover damages for injuries sustained by her in falling through a hole in a sidewalk of said city. She recovered a judgment, and the city prosecutes error. The alleged errors consist of the erroneous admission of testimony and misleading and erroneous instructions given to the jury.

The hole in the sidewalk which caused the injury was made by an adjacent property holder, for his own convenience, under an arrangement with the city. When the original petition was filed the city caused this property holder to be made a party defendant, and filed a cross-petition against him. Afterward this cross-petition was dismissed, and the case proceeded between the plaintiff and the city alone. Upon the trial the plaintiff was permitted to read this answer and cross-petition as evidence. It contained statements which amounted to admissions by the city of material facts which the plaintiff would otherwise have been compelled to establish by other testimony. Such admissions are proper evidence, from whatever source obtained. We are unable to see any error in permitting the pleading to be read in evidence. (*Solomon Rld. Co. v. Jones,* 30 Kan. 601; *Juneau v. Stunkle,* 40 Kan. 756; *Lewellen C. Lane v. Choctaw, Oklahoma & Gulf R. Co.,* 19 Okla. 324.) This has long been the practice in this state, but the reason for the rule is so clearly stated by Mr. Chief Justice Burford in the case last cited that we quote therefrom as follows:

"The weight of authority and better-reasoned cases

support the rule that, a pleading or an admission or allegation in a pleading, notwithstanding it may have been withdrawn, stricken out or superseded by an amended pleading, is competent in evidence, and may be introduced against the party from whom it proceeded, like any other admission or declaration, subject, however, to explanation by the party who made it. This rule rests on the general principle that whatever a party has said about his case may be proved against him, and whatever writing he has signed or authorized may be, if relevant, introduced against him, the weight of such evidence to be left with the court or jury trying the case."  (Page 328.)

Complaint is made of the definition of ordinary care, as given by the court in an instruction which reads:

"Ordinary care is such care as is usually exercised by persons of ordinary care, caution and prudence in the age and country and under the same or similar circumstances as a party charged with like negligence."

From a large number of definitions counsel have selected, as a fair standard, one which reads:

"That· care which ordinarily cautious, prudent persons would exercise under the same, like or similar circumstances."

We think the two substantially alike.  If it be conceded that the one given by the court is less clear and not so easily understood, it conveys the same meaning as the other, and is couched in substantially the same language.  Taken in connection with the other instructions given, the jury could not have been misled or confused by it, and we can not say that it was erroneous.

The defendant further objects to an instruction of the court which reads:

"A primary duty to keep the streets and sidewalks in a reasonably safe condition for public travel devolves on the city, and the defendant city can not escape its liability for the lack of ordinary care in regard thereto by granting permission to the property owners to place manholes therein for their private use, under an agreement that such property owners must keep such manholes in repair and in a safe condition.  The city has

not power to grant such privileges, and if it did so and then depended upon the property owners to keep such manholes in a safe condition, and failed to exercise ordinary care in regard thereto, the city can not escape liability for the reason that they may have depended upon the property owners to keep such manholes in a safe condition."

The specific objection made to this instruction is to the words: "The city has not power to grant such privileges." This criticism comes from a misconception of the scope of the instruction as a whole. The privilege which the city had no power to confer, within the meaning of this instruction, was the right to maintain coal-holes or manholes in the sidewalk upon condition that the same should be kept in repair, and thereby relieve the city of such duty. The fact that the city was not claiming such exemption as a defense in the action does not make the instruction erroneous. There was enough in the case upon this point to make it entirely proper for the court to call attention to it by an instruction, so the jury would not be misled upon that subject. We are unable to see any impropriety or error in this instruction.

Complaint is also made of an instruction which reads:

"If you find for the plaintiff, then you should allow her such a sum of money as in your judgment will fairly and fully compensate her for the injuries which the testimony in the case shows her to have sustained; and in determining the amount of such award you should consider the character of any injury to her person which the testimony shows her to have sustained, any mental or physical pain which the evidence shows she may have suffered or which the testimony reasonably shows she will suffer in the future; whether or not her ability to earn money has been impaired by such injuries as the testimony shows her to have sustained; the time which she had necessarily lost by reason of such injuries; the state and condition of her health before and subsequent to the injuries complained of, in so far as such subsequent health has been occasioned by the alleged injuries, if any; and you should allow her

such a sum of money as will in your best judgment fairly and fully compensate her for the injuries which the evidence shows to be the direct and natural consequences of such injuries which the evidence shows her to have sustained."

The specific objection to this instruction is that it permits a recovery for future pain, which the testimony reasonably shows she will suffer. We see no error in this. The future pain for which she may recover is limited to such as results from the injury and the evidence shows it is reasonable to expect. This limitation does not leave the jury to mere speculation, but confines them to the testimony.

These are the questions presented, and, being unable to find error in any of them, the judgment of the district court is affirmed.