THE FIRST NATIONAL BANK OF HAYS CITY, *Appellee,*
v. BYRON S. EDWARDS *et al.* (I. M. YOST, *Appellant*).

No. 16,955.

#### SYLLABUS BY THE COURT.

1. JUDGMENTS — *Reversal in Accordance with Opinion — New Trial—Judgment on Mandate—Waiver.* At a former hearing of this case in this court a judgment was reversed and the cause remanded for further proceedings in accordance with the opinion. The district court then allowed amended pleadings to be filed and proceeded without objection to a new trial of the action. It is *held:* (1) That this was proper; (2) that as the defendant did not move for judgment on the mandate, or otherwise present the question, it is now too late to do so.

2. CONTRACTS — *Construction — Conveyance and Simultaneous Agreement to Reconvey—Intention.* The effect of a deed of conveyance of land and a simultaneous agreement to reconvey must be determined by the intent of the parties, as shown by their situation, the circumstances surrounding the transaction, the terms of the instrument, and independent parol agreements not conflicting with such terms.

Appeal from Ellis district court. Opinion filed April 8, 1911. Affirmed.

*Joseph G. Waters,* and *John C. Waters,* for the appellant.

*W. E. Saum,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is a creditors' suit to subject the equity of Edwards and wife in a tract of land to the payment of a judgment, and is presented here for a second review. (*Yost v. Bank,* 66 Kan. 605.)

On the 24th day of March, 1899, the Edwardses conveyed the land to Yost, who, at the same time, agreed to reconvey it to Edwards upon the payment of $750, and all notes due to Yost, with interest thereon, if such payment should be made within two years. A copy of

the agreement is contained in the former report of the case.

After entering the mandate of this court reversing the former judgment for the plaintiff, the district court allowed an amended petition to be filed, to which defendant Yost filed an answer. The second trial was in March, 1908, and afterward findings were made and judgment entered for the plaintiff, giving defendant Yost a first lien upon the land for an amount found to be due to him from Edwards, and giving to the plaintiff a second lien for the amount of its judgment, and ordering a sale to satisfy these liens. Yost appeals.

The first contention of the appellant is that the court should have entered judgment for the defendants on the mandate. There was no order to enter judgment, but the case was remanded with directions to proceed further in accordance with the opinion. The district court and the parties at that time evidently understood the opinion to authorize a new trial, and this was the correct view. (*Cahn v. Tootle,* 58 Kan. 260; *McDonald v. Swisher,* 60 Kan. 610.) Besides, no motion for judgment was made, nor was any objection taken to the filing of an amended petition, but a new answer was filed, and after several continuances the case was tried without raising the question. It is now too late to do so.

It is also urged that the law of the case was settled in the former opinion holding that the instrument in question was not a mortgage, and that no subsequent proceedings in the district court could enlarge the controversy to include any other question. The question presented to this court at the former hearing was thus stated in the opinion:

"Was the transaction between plaintiff in error and Edwards, as evidenced by the warranty deed, and bond for deed, a mortgage or a conditional sale?" (66 Kan. 607.)

The question was thus answered:

"From an examination of the evidence found in the record, and a consideration of the legal effect of the contract between Edwards and plaintiff in error, we are persuaded that the evident intention of the parties to the transaction at the time it occurred was that the deed should operate as a conveyance, and that no enforceable debt from Edwards to plaintiff in error should or did remain." (p. 608.)

It was also said in the opinion:

"It is a settled rule of law that the intent of the parties to a deed, absolute in form, at the time it is executed and delivered, must govern, and that the rights of the parties must be mutual." (p. 608.)

The case was decided at the former hearing upon the evidence contained in the record then presented. It must now be decided upon the abstracts in this appeal. The district court heard new evidence upon the amended pleadings, and in doing so did not violate the mandate of this court or transgress the rules of good practice. (*Conroy v. Perry,* 26 Kan. 472; *Duffitt & Ramsey v. Crozier, Judge,* 30 Kan. 150; *The State v. Scott County,* 61 Kan. 390.)

In *Cahn v. Tootle,* 58 Kan. 260, in considering the effect of an opinion delivered upon a former review of that case, it was said:

"The decision of this court became the law of the case upon the state of facts disclosed in the record brought here, and the result was to set aside the judgment which had been previously entered. When the case was remanded to the district court for further proceedings the parties litigant were restored to the same conditions in which they were before the trial was had or judgment rendered." (p. 262.)

It is further contended that the court destroyed the legal effect of the deed upon insufficient evidence. In reviewing a similar case this court said:

"Evidence of the situation of the parties, the circumstances surrounding the transaction, and of inde-

32—84 KAN.

pendent parol agreements not conflicting with the terms of the written instruments, was competent, and we do not see that any other material testimony was received." (*McNamara v. Culver*, 22 Kan. 661, 670.)

At the date of the deed and contract Edwards was indebted to Yost in the sum of about $545, upon notes held and retained by the appellant. A judgment for $750 was then a lien upon the land, to which the deed was made subject, and which the grantee assumed. In a few days afterward the appellant took an assignment of this judgment, but satisfaction was not entered. In June, 1900, the appellant entered into an agreement to sell the land to the Karlins (who were made defendants when the amended petition was filed), receiving a payment in September, 1900, which he credited on the Edwards notes, although he testified that all these notes had been satisfied by the conveyance; another payment was also indorsed on these notes about the same time, and they were not surrendered or canceled. In an answer in this case, filed in March, 1901, less than one year after the deed and agreement were made, the appellant pleaded the judgment which had been assigned to him, alleging that he had acquired it by purchase. He also pleaded the several promissory notes made by Edwards, claiming the amount unpaid thereon to be still due, and alleged that he had paid taxes on the property, and prayed that the sum of all these items should be adjudged a first lien upon the land in his favor. This pleading was verified by the appellant, and is competent evidence tending to support the appellee's claim. While the amended answer upon which the action was finally tried pleaded an absolute title, and denied that the Edwardses had any equity in the land, the first answer was still competent evidence. (*Arkansas City v. Payne*, 80 Kan. 353; *Every v. Rains*, post.) This answer was not contained in the case-made at the former hearing, nor brought into the record in this court in any way. Without reviewing the

evidence further, it is sufficient to say that it sustains the finding that the deed was intended as a mortgage, and should have that effect only.

The appellee's judgment, upon which this action is founded, was against Edwards and wife. In January, 1902, Mrs. Edwards paid $200, which was credited on the judgment, and she was released. It is now contended that this "released the liability of Yost for one-half of that judgment," *i. e.*, the judgment upon which this suit was brought. But it is not claimed that the appellant is liable upon that judgment. No lien is claimed upon his property, but only upon the property of the Edwardses, which is their equity in the land after satisfying the appellant's claims in full, hence he is not injured by the release of Mrs. Edwards.

Finally, it is argued that the lien of the appellee is lost because an execution was not issued upon its judgment for more than five years. This action to enforce the lien of that judgment was commenced in less than one year after it was rendered, and has been pending ever since. An execution to preserve the vitality of the lien was not necessary. (*Treat v. Wilson*, 65 Kan. 729.)

No error appears and the judgment is affirmed.