H. O. MEEK et al., *Appellees,* v. GEORGE A. DEAL et ux., revived in the name of JENNIE DEAL, as Administratrix, etc., *Appellant.*

No. 17,495.

SYLLABUS BY THE COURT.

EVIDENCE—*Averments in Original Petition—Competent.* The defendant offered in evidence the original petition containing statements upon material issues at variance with those of the amended petition upon which the cause was tried. The court sustained an objection to the evidence. *Held,* reversible error.

Appeal from Finney district court. Opinion filed June 8, 1912. Reversed.

*R. W. Hoskinson, Albert Hoskinson, A. M. Harvey,* and *J. E. Addington,* for the appellant.

*Edgar Foster,* and *H. A. Gaskill,* for the appellees.

The opinion of the court was delivered by

PORTER, J.: Plaintiffs sued George A. Deal and wife to recover a commission on a sale of real estate. While the action was pending Mr. Deal died and the action was revived against his wife as administratrix. Plaintiffs then filed an amended petition. There was a trial and judgment for plaintiffs in the sum of $2000. The administratrix appeals.

The amended petition alleged that George A. Deal in his lifetime owned a ranch in Finney county consisting of twenty-two quarter sections of land, and verbally agreed with plaintiffs that if they would find a purchaser at $13,000, to be paid either in cash or upon such terms as should be accepted by him, they should have for their commission whatever sum the ranch sold for in excess of that sum; that they found a purchaser who agreed to pay and was able and willing to pay the sum of $15,000 for the ranch upon terms which Mr. Deal accepted, but that he afterwards refused to complete the sale. The petition asked judgment for $2000.

There was a conflict in the testimony as to whether or not the minds of the parties really met. The plaintiffs offered evidence showing that after the preliminary agreement Mr. Meek came to Mr. Deal at a hotel in Garden City and informed him that a purchaser had been procured who would pay $13,000, that Mr. Deal said he wanted $1000 down and the balance March first, and that Meek then left for the purpose of consulting the purchaser, who was in another room of the same hotel. In a few moments he returned and informed Deal that he had sold the land and instead of getting $1000 down he would get him $2000 down, but that the purchaser wanted a written contract. The evidence further showed that Deal sat there a moment, and said, "Well, I don't want to make a contract right now. I want to see my attorney. I will make a contract in the morning. The sale is all right. I will do just what I said, and these men sitting here can be your witnesses."

The purchaser, who was a stranger to Deal and met the latter there for the first time, testified that the price was to be $14,000 for twenty-one quarters or $15,000 for twenty-two quarters; that Deal promised to make the title good "for at least twenty-one quarter sections"; that he understood he was to pay $200 the next morning when the papers were to be drawn, and was to have a few days to send the $1800 to make up the $2000 first payment, and was to pay the balance on or before March first; that he was ready to pay $200 down, $1800 in a few days, and the balance by March first, and that, in fact, he had only $200 with him to pay on the contract, but expected and was able to produce the balance in a few days. After Deal consulted with his attorney next day, he refused to make any contract for the sale of the land. Whether Deal ever consented to the terms as understood by the purchaser is extremely doubtful from the evidence. There is also ground for the defendant's contention that even though

the proposition was accepted by Mr. Deal, it included only twenty-one quarter sections. If this were the case then the judgment should have been for $1000 instead of $2000. On the trial the defendant offered in evidence the original petition, which alleged a contract in different terms, and further alleged that the ranch contained twenty-one quarter sections. The court sustained an objection to the introduction of the original petition and this is alleged as error.

The evidence was competent as an admission against interest and should have been admitted. It was not claimed that Mrs. Deal had anything to do with the making of the contract. She was defending as administratrix. After her husband's death an amended petition was filed which alleged a different state of facts in respect of the terms of the contract and the number of quarter sections which were to be conveyed. The difference in the averments as to the number of quarter sections was very material in connection with the purchaser's testimony to the effect that Mr. Deal agreed to make good title to "at least twenty-one quarter-sections." An abandoned pleading may always be offered in evidence against a party, subject to any explanations he may desire to make in respect thereto. It is competent as an admission or statement of a party or as made on his authority. In this case the original petition contained statements certainly material to the issues and it was error to exclude it. (*Arkansas City v. Payne,* 80 Kan. 353, 354, 102 Pac. 781; *Bank v. Edwards,* 84 Kan. 495, 498, 115 Pac. 118; *Every v. Rains,* 84 Kan. 560, 565, 115 Pac. 114.)

The judgment is reversed and a new trial ordered.