No. 20,448.

ORVILLE KINGTON, *Appellant,* v. JOHN MCCLURG EWART, re-
vived in the name of ELIZABETH EWART, as Administratrix,
etc., *Appellant,* and O. B. LOONEY, *Appellee.*

### SYLLABUS BY THE COURT.

1. SALE OF LAND—*Deed and Deposit of Money in Escrow—Grantor in
Possession—Duty to Pay Taxes—Tax Deed.* A contract for the sale
and purchase of a tract of land was entered into in 1905. A war-
ranty deed from the grantor to the purchaser and the purchase money
were placed in escrow, to be held until the grantor perfected his title
as against a third party. The land was sold for the taxes of 1906,
and in 1910, while the litigation between the grantor and the third
party was pending, a tax deed issued which cut off the rights of all
the parties. In a controversy over the ownership of the fund de-
posited in escrow the case turned upon the question upon which of
the parties to the contract rested the obligation to pay the taxes of
1906. *Held,* there was sufficient evidence to the effect that the grantor
continued in possession to sustain a judgment that it was his duty
to pay the taxes.

2. EVIDENCE—*Admissions—Pleading in Other Litigation.* Although ad-
missions contained in a pleading of a party in other litigation are ad-
missible against him in a subsequent action between him and a
stranger, they are not conclusive of the facts alleged, but are open
to explanation or rebuttal. They are admissible as statements
against the present interest of the party who made them.

Appeal from Finney district court; GEORGE J. DOWNER,
judge. Opinion filed March 10, 1917. Affirmed.

*D. W. Mulvane, C. E. Gault, D. R. Hite,* all of Topeka, and
*Milton Brown,* of Oklahoma City, Okla., for the appellants.

*Albert Hoskinson, R. W. Hoskinson,* and *Richard J. Hopkins,*
all of Garden City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This action was commenced in August, 1906.
Originally it involved the right to possession of the west half
of the northwest quarter of section 32, township 25, range 32,
in Finney county, which the plaintiff, Kington, claimed to
own. The defendant, John McClurg Ewart, claimed title un-
der a tax deed, from which plaintiff asserted the right to re-

deem.   Prior to the commencement of the action Ewart had
contracted to sell to O. B. Looney, at $4 an acre, the quarter
section which included the eighty acres in controversy.   Under
their contract, made in 1905, Ewart was to perfect his title
to the land claimed by plaintiff.   A warranty deed for the
quarter section from Ewart to Looney was deposited with E.
J. Pyle, together with the sum of $640 deposited by Looney,
to be held until Kington's claim was disposed of.   The case
went to trial and resulted in a judgment in favor of Ewart
from which Kington appealed.   Although not a party to the
judgment, O. B. Looney, by stipulation with Kington and
by leave of court, entered his appearance and submitted a
brief in this court in support of the judgment rendered in
Ewart's favor, the stipulation reciting that he was the real
party in interest by virtue of his contract of purchase.   On
July 7, 1911, the judgment was reversed and a new trial or-
dered.   (*Kington v. Ewart,* 85 Kan. 292, 116 Pac. 495.).   Ewart
paid the taxes on the Kington eighty acres for the year 1905,
but the land was sold for the taxes of 1906, and in 1910 a tax
deed issued which has cut off the rights of all the parties to
the original controversy.

After the cause had been returned to the trial court Ewart
died, and the action was revived in the name of Elizabeth
Ewart, his administratrix.   E. J. Pyle was made a party, and
when he died the action was revived in the name of his exec-
utor.   In December, 1914, by agreement of all the parties, an
order of court was entered by which Pyle's executor deposited
the $640 and the deed with the clerk of the court, and was
thereby released from further liability.   In March, 1914,
Kington and Elizabeth Ewart agreed on a settlement by which
a decree was to be entered quieting the title to the Kington
eighty in favor of the estate of John McClurg Ewart, grantor
in the deed to Looney.   Mrs. Ewart was to make a quitclaim
deed as sole legatee and administratrix, and deliver the same
to the clerk of the court for Looney's benefit; and after the
payment of court costs, the purchase money was to be divided
between the attorneys for Kington and for the Ewarts.   Sup-
plemental pleadings were filed asking the court to carry into
effect this arrangement by a proper decree.   The sole contro-
versy now arises over the disposition of the fund in the hands of

the clerk of the court. On the theory that he has never obtained the title he contracted for, Looney resisted the efforts of the other parties to obtain possession of the fund.

The trial court held Looney entitled to a return of the purchase money deposited by him, upon the ground that Ewart had permitted the land to be sold for the taxes of 1906, and thereby had rendered himself incapable of conveying the title. It is from this judgment the appeal is taken.

The correctness of the judgment depends wholly upon the question of whose duty it was to pay the taxes of 1906. The appellants' contention is that Looney became the owner of the property as of November, 1905, when the contract was made and the purchase money and deed were placed in escrow, that as such owner it was his duty to pay the taxes, and his loss if he permitted the land to go to tax deed. Each side relies upon estoppel. Appellants insist Looney is estopped from now claiming it was Ewart's duty to pay the taxes because of the stipulation filed in this court on the other appeal, in which he asserted he was the real party in interest and the equitable owner of the land; also, that he is estopped by the position taken by him in certain ejectment actions involving the same property and brought by parties claiming under the tax deed of 1910. Appellees on the other hand insist that Ewart's administratrix is estopped from claiming it was not his duty to pay the taxes subsequent to the year 1905, because of the position taken by him in August, 1906, when he filed an answer to Kington's petition in this case and admitted that he held possession of the land. If there are any equities in the case in favor of one party and against the other we have failed to find them. Both parties in the course of this litigation have taken positions more or less at variance with those asserted by them at other times; but if, as Ewart alleged in his answer, he was in possession, the fact that he had contracted to sell and that the conveyance and purchase money were placed in escrow to be delivered when he perfected his title against Kington did not relieve him from the obligation to pay taxes on the land up to the time he was prepared to complete the conveyance and deliver possession. His unqualified admission that he was in possession, made at an early stage of the prolonged litigation

and when no adverse tax claims had arisen, must be held evidence. sufficient to sustain the judgment of the trial court.

The theory that he is estopped to claim the contrary can not be sustained. Although the admission was made in this action, it was by way of an answer filed in respect to another issue in litigation to which at that time Looney, who attempts to raise the estoppel, was not a party. The present controversy over the ownership of the fund deposited by Looney is not the same litigation, and it is well settled that a party is not estopped by an admission made in a pleading in other litigation. The admission had only the effect of a waiver of proof as to possession in the litigation between the original parties.

"But this effect ceases with that litigation itself; and when we arrive at other litigation and seek to resort to the parties' statements as embodied in the pleadings of prior litigations, we resort to them merely as quasi admissions, i. e., ordinary statements, which now appear to tell against the party who then made them." (2 Wigmore on Evidence, § 1065.)

The admission is taken merely as some evidence, because it is a statement of one of the parties against his present interest. An abandoned pleading was held to be in the nature of an admission and receivable in evidence for what it was worth. (*Watt v. Railway Co.*, 82 Kan. 458, 108 Pac. 811.) In *Every v. Rains*, 84 Kan. 560, 115 Pac. 114, a petition filed in a previous action by defendant was held admissible in evidence in a later action against him, if it contained statements material to the issue in the nature of admissions or allegations tending to contradict his testimony. Other cases in point are *Arkansas City v. Payne*, 80 Kan. 353, 102 Pac. 781; *Bank v. Duncan*, 80 Kan. 196, 101 Pac. 992; *Meek v. Deal, Adm'x*, 87 Kan. 319, 124 Pac. 160; Note, 18 Ann. Cas. 79, 86.

It is urged with much insistence that the court erred in permitting Looney to testify to transactions had with Ewart in the latter's lifetime. His testimony was, that when the contract for the sale of the land was made with Ewart it was in writing; that the paper was lost, that he had searched and failed to find it. He was then permitted over appellant's objection to testify to its contents, and said that it contained the somewhat remarkable provision that after Ewart perfected his title he was to make a "new deed" to the land. One of the reasons urged for sustaining the judgment is that the court

must have found the agreement to make a new deed a condition precedent, the failure of which was a breach of the contract of sale. As any subsequently acquired title in Ewart would pass to Looney by the warranty deed placed in escrow it would seem that a provision in the contract requiring a new conveyance after perfecting title was a wholly unnecessary and useless formality; and if the right to the fund in question or the right to specific performance of a contract of sale depended upon such a provision, it is, we think, quite clear that a court of equity would not regard the failure to make a new conveyance as of much importance. The testimony was not incompetent on the ground that it concerned a transaction with a deceased person. It was the same as though the writing itself had been produced. Its existence as a writing prior to the death of one of the parties to it was established and its loss accounted for. Looney's appearance in this court claiming to be the equitable owner of the land and the real party in interest did not amount to an assertion that he was in possession of the land. We fail to find in the stipulation or in any papers and briefs filed in this court the statement or admission that he was ever in possession. On the other hand, as already observed, Ewart's admission made in 1906 that he was in possession, together with all the facts and circumstances of the case, warrants an affirmance of the judgment.

It is affirmed.