No. 34,304

LESLIE H. CABLE, Administrator of the Estate of Henry Garbacz, Deceased, *Appellee*, v. (BROTHERHOOD OF RAILROAD TRAINMEN, Defendant) MARIE GARBACZ, *Appellant*.

(92 P. 2d 81)

Opinion filed July 8, 1939.

*J. L. Stryker,* of Fredonia, and *T. F. Morrison,* of Chanute, for the appellant. *Leslie H. Cable* and *John J. Jones,* both of Chanute, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This action was a contest between rival claimants for the proceeds of two beneficiary certificates issued by the Brotherhood of Railroad Trainmen, hereinafter called the Brotherhood, upon the life of Henry Garbacz. The appellant, Marie Garbacz, claimed the proceeds upon the ground that she was the common-law wife of Henry Garbacz at the time of his death. The trial court found against her on that claim, and she has appealed.

Henry Garbacz and Marie Garbacz were married at Chanute, December 5, 1926. They had no children. On November 18, 1936, she was granted a divorce from him in an action brought by her in the district court of Neosho county, and a property settlement agreed upon between them was approved by the court, and the property assigned to each was delivered in accordance with the decree. The decree did not contain an order changing her name, and she continued to be known in the community as Mrs. Garbacz, or Marie Garbacz. Henry Garbacz was an employee of the A., T. & S. F. Railway Company at Chanute, and at the time of his death, June 9, 1938, was yardmaster. At some time while he was married to appellant he purchased the two beneficiary certificates in question, of $1,500 each, insuring his life in the Brotherhood, a fraternal insurance organization, in which certificates Marie Garbacz, his then wife, was named

beneficiary. Our statute, G. S. 1935, 40-704, governing fraternal benefit societies, provides, in part:

"The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree ascending or descending, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren or children by legal adoption: . . . *Provided, further,* That any society may in its bylaws limit the scope of beneficiary within the above classes."

The bylaws of the Brotherhood conform to this statute and contain this provision:

"In case a member dies whose individual reserve certificate has been written in favor of his wife and no transfer of the benefits made as provided·in this rule, and a divorce has been granted to either party, . . . the benefits shall be payable to the executor or administrator of said member's estate in trust; however, for and to be forthwith paid over to his next of kin. . . ."

The bylaws further provide:

"No beneficiary shall have or obtain any vested interest in said benefits until the same have become due and payable upon the death of the certificate holder."

On June 9, 1938, Henry Garbacz while at work met with an accident which resulted in his death. He left surviving him five brothers, Adam W. Garbacz, Joseph E. Garbacz, Stanley J. Garbacz, George Garbacz, and Edward Garbacz, one sister, Rose Garbacz Jackson, and a niece and nephew, Margaret Routzang and Hubert Routzang, children of a deceased sister, Margaret Garbacz Routzong. These were notified, and several of them went to Chanute and together with appellant and Leslie H. Cable, an attorney consulted by the brothers, went through Henry Garbacz's papers to see what was of value, and particularly to see if there was a will. They found no will, and appellant stated that she knew of none. They were advised by the attorney that if there was no will, and since his parents were deceased, his property would pass to his brothers and sisters and the niece and nephew. At that time appellant made no claim to any of the property by reason of being the wife of Henry Garbacz. Appellant did suggest that he be buried at Chanute, but the brothers desired that he be buried at Cotter, Ark., where some of them lived, and he was taken there for burial. Upon the petition of two of the brothers Leslie H. Cable was duly appointed and qualified as administrator of the estate of Henry Garbacz, and soon thereafter made proper application to the Brotherhood for the payment of the amount due on the beneficiary certificates. Marie Garbacz also

made claim to the Brotherhood for payment to her of the amount due on the certificates. Desirous of avoiding litigation between them, the Brotherhood declined to pay either. This action followed.

After the action was brought the parties entered into a stipulation in writing. In harmony with this the Brotherhood paid into court $2,706.72, being the face of the two beneficiary certificates less a policy loan thereon of $293.28, and the action was dismissed as to the Brotherhood.

The petition contained all necessary allegations, among them that Henry Garbacz died intestate and left surviving him his brothers and sister, nephew and niece, above named, as the persons entitled to receive the proceeds of the certificates, the action being brought by the administrator for their benefit in harmony with the provisions of the benefit certificates.

Marie Garbacz filed an answer in which she admitted the death of Henry Garbacz; that he was survived by brothers, a sister, niece and nephew, as alleged in the petition; admitted the benefit certificates were issued and in force, as alleged; admitted she was divorced from Henry Garbacz November 18, 1936; that he left no written will, but alleged that he left a nuncupative will naming her as the beneficiary, and that she had petitioned to probate such will, and alleged "that she was the common-law wife of said Henry Garbacz from May, 1937, continuously until the death of Henry Garbacz, June 9, 1938, that she was dependent upon him for support and that she, under the law of inheritance . . . is entitled to said insurance and all his property." The prayer was that she be adjudged entitled to the proceeds of the two beneficiary certificates, and that she be adjudged the common-law wife of Henry Garbacz at the time of his death.

The reply was a general denial.

At the beginning of the trial, from the examination of the pleadings and statement of counsel, the court expressed the view that there was but one controverted issue to be tried, namely, Was Marie Garbacz the common-law wife of Henry Garbacz at the time of his death? Upon that issue the court held the burden of proof to be upon Marie Garbacz. She introduced evidence in support of her allegation on that issue, plaintiff introduced evidence in opposition thereto, and defendant produced evidence in rebuttal. Having considered all the evidence of both parties, and the argument of counsel, the court found that the defendant, Marie Garbacz, was not the

common-law wife of Henry Garbacz at the time of his death, and found generally in favor of the plaintiff, Leslie H. Cable, as administrator of the estate of Henry Garbacz, deceased, and against the defendant, Marie Garbacz, and rendered judgment accordingly. Appellant contends the finding and judgment should have been the other way. This is clearly a case of controverted facts. The most that can be said in favor of appellant is that some of the evidence on her behalf, if given full credence, and if there had been nothing in opposition to it, might have been sufficient to sustain a finding and judgment in her favor; but with respect to some of the evidence there is much to discredit it, and there was evidence to the contrary.

Appellant argues there was no evidence to support the finding and judgment of the court. When this contention is made in a case involving controverted facts we examine the evidence which tends to support the judgment. This may be summarized as follows: Shortly before the divorce action was brought in 1936 Henry Garbacz moved from the apartment where he and his wife lived to a room which he rented in another part of town, where he also rented a garage for his automobile. He took with him his personal belongings, or at least most of them, including his hunting and fishing clothes and equipment and his books for keeping the records of a local lodge of which he was secretary. He continued to occupy this room and live there, except for an absence of a few days at a time, until his death. About the time he moved he gave notice to the bank where he did business not to permit anyone else to draw on his account. Prior to that time his wife was privileged to and did draw on his account. She never did so thereafter. In making his state and also his federal income tax returns for the year 1936 he reported himself as a married man part of the year and as a single man part of the year, and claimed the statutory exemptions correspondingly. In making those returns on March 15, 1938, for the year 1937, he reported himself as a single man and claimed only the statutory exemption of a single man. To obtain an annual pass from his employer it was necessary under the rules for him to make an application in writing and state therein whether he was a single man or married. In his application made August 10, 1936, it was stated that he was a married man. In the application made August 2, 1937, he stated he was a single man, and the annual pass was issued to him individually, which pass he still had at the time of his death.

The latter part of March, or early in April, 1938, the enumerator taking the census of the city called at appellant's apartment, where she had continued to live since her husband had moved to another part of town, and being questioned as to how many people lived in the apartment appellant told the enumerator that she was the only person living there. On the day of the accident and death of Henry Garbacz a reporter for the principal newspaper in town, assigned to write the story of the accident, called the appellant by telephone and asked her about his surviving relatives. She told him he was survived by five brothers, a sister, a niece and nephew, and gave their names, and on being interrogated as to whether he was survived by a wife she stated to him that they "had been" divorced, or that they "were" divorced. She stated nothing on that occasion about being the wife of Henry Garbacz. Several witnesses, testifying in behalf of plaintiff as to their being together quite a little, stated that one or the other of them stated that they planned to be married in July. His death occurred before that. When the brothers and their attorney and she were looking through his papers after his death, and the attorney advised who the heirs would be if he left no will, she was present and made no claim that she was the wife of the decedent. There was testimony on her behalf that on the day of his accident, and before his death, he made an oral will in which the appellant was the beneficiary, and the evidence discloses that later she petitioned to have that will probated. The fact that he undertook to make the will, naming appellant as his beneficiary, tends to establish that he did not regard her as his wife, for if they were then married she would have inherited all his property under the law of descent without any will. It cannot be said that there was no substantial competent evidence to support the finding and judgment made by the trial court.

Appellant complains that the burden of proof was placed upon her at the beginning of the trial. We think under the pleadings that ruling was proper. Aside from that, in these cases, the question of the burden of proof is largely which one should first go forward with evidence. Each party introduced all the evidence he or she desired to introduce, the court heard and considered it all, and the question of which had the burden of proof was not of much importance. (*Loveless v. Ott*, 121 Kan. 728, 250 Pac. 324.)

Appellant makes the further claim that since she was named as the beneficiary in the policies, and no other beneficiary ever had

been named, that the question of her rights, insofar as they are governed by the bylaws of the organization, is one which should be raised by the Brotherhood and not by plaintiff in this action. We think the point is not well taken. The rights of these parties were fixed by the contract, evidenced by the benefit certificates and the constitution and bylaws of the society. The rights of plaintiff and those whom he represents were fixed and became vested upon the death of Henry Garbacz. Because of their diverse claims the Brotherhood declined to pay to either party, and it made no attempt to waive any bylaw by the action it took in conformity with the stipulation of the parties, if, indeed, it could waive anything to the detriment of plaintiff and those whom he represents after their rights had become vested by the death of the insured.

We find no error in the record. The judgment of the court below is affirmed.