898

No. 34,707

LULU TARKOWSKI, Administratrix of the Estate of George Wenning, Deceased, *Appellee*, v. CLARENCE I. BANKS and PEARL L. BANKS, *Appellants*.

(101 P. 2d 893)

Opinion filed May 4, 1940.

N. J. Ward and *Frank G. Spurney*, both of Belleville, for the appellants.

W. D. Vance, Fred Emery and Perry L. Owsley, all of Belleville, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to foreclose a mortgage on real estate, and from a judgment against them the defendants appeal.

George Wenning, who had been a resident of Republic county, Kansas, for some years prior thereto, was stricken with an illness in August, 1937, as a result of which his mind was affected. His sister, Lulu Tarkowski, was appointed guardian of his estate and took possession of his property. Among other assets were the note and mortgage which were the subject matter of this action. On May 10, 1938, the guardian commenced an action in foreclosure, alleging that on October 14, 1929, the defendants Clarence I. Banks and

Pearl L. Banks had made and delivered to George Wenning their note of that date for $6,000, due five years after date with interest payable annually; that the defendants had failed to make any payments on the note and that there was due and owing the principal sum of $6,000 and interest thereon from October 14, 1934; $300 and interest thereon from October 14, 1930, and like amounts with interest from like dates in 1931, 1932, 1933 and 1934. It was also alleged that to secure the note the defendants executed a real-estate mortgage on certain described real estate. This mortgage, among other things, provided:

"But if said sum or sums of money or any part thereof, or any interest thereon, is not paid when the same is due, *and* if the taxes and assessments of every nature which are or may be assessed and levied against said premises, or any part thereof, are not paid when the same are by law made due and payable, then the whole of said sum or sums and interest thereon, shall, and by these presents, become due and payable, and said party of the second part shall be entitled to the possession of said premises."

She prayed for money judgment and foreclosure. On January 24, 1939, the plaintiff filed her second amended petition, in which she alleged the note was long past due and of the indebtedness represented thereby "there is claimed by plaintiff from each of the defendants" $6,300 and interest from October 14, 1934, $300 and interest from October 14, 1933, and $300 and interest from October 14, 1932.

On February 6, 1939, defendants filed a motion to compel the plaintiff to state whether or not interest for the period from October 14, 1929, to October 14, 1931, had been paid and, if so, to whom, when, in what manner, etc. This motion was overruled and the defendants then filed a verified answer in which they denied all of the allegations of the second amended petition except nonpayment of principal and interest, and alleged that the taxes assessed for the year 1930 were not paid when by law they became due, and because thereof and because of nonpayment of interest the debt was barred before the suit was commenced. Shortly thereafter George Wenning died, his sister was appointed as administratrix of his estate, and was substituted as plaintiff, and she then filed a reply claiming an estoppel because of subsequent payment of taxes on June 17, 1931. The defendants then moved for judgment on the pleadings, but before the motion was heard and on June 20, 1939, the plaintiff filed her application for leave to amend her second amended petition and to file an amended reply. The application stated that plaintiff

sought permission to amend her pleadings in order that she might more definitely set forth her contentions in advance of the court's ruling and to incorporate certain oral contentions and representations made in her behalf in arguments before the court, and to obviate any misconceptions or doubts as to her reasons, attitude and intentions in regard to matters in issue, and to that end she sought to amend her second amended petition by striking therefrom the words "there is claimed by the plaintiff" hereinbefore referred to and substitute in lieu "plaintiff only seeks recovery for principal and interest"; that she intended and still intends to waive and forego any portion of the interest which the defendants may not have paid on the indebtedness accruing on and prior to October 31, 1931, by reason of her lack of definite information as to payment or nonpayment of the same, and as to whether the time for payment had been extended by agreement, and further because of her opinion that the defendants were insolvent and the mortgaged real estate was of lesser value than the amount of the debt which she sought to recover. For the same reason she sought permission to file an amended reply. This motion was allowed and her second amended petition was amended to show that she sought recovery only for principal and interest from October 14, 1932.

Defendants filed a motion to make definite and certain or for a bill of particulars. This was denied, and on July 18, 1939, they filed a verified answer admitting appointment of plaintiff as administratrix, execution and delivery of the note and mortgage, and "these defendants further state and admit that no part of the principal or accruing interest . . . had been paid," etc.; and alleging the taxes for the year 1930 were not paid when due; that they had not paid any part of the principal or interest on the note and because of the nonpayment of taxes when the same became due and payable the debt became due, and action on the debt was barred by the statute of limitations. They further alleged plaintiff had no lien upon the described real estate and that the mortgage was barred by the statute of limitations.

On July 31, 1939, plaintiff filed a verified reply denying new matter in the answer and stating further that when she filed her second amended petition she then and still was unable to allege definitely whether interest due on October 14, 1930, on the debt sued on was or was not paid, or whether the time for payment was extended beyond June 17, 1931, by agreement between her brother

and defendants, although she was informed and believed the interest was paid or such agreement made, the exact date and details being unknown to her; that because thereof no default in payment of the interest due October 14, 1930, existed on December 21, 1930, or on any date thereafter up to and including June 17, 1931; that by reason of the facts and premises she denied the allegation of the answer that no part of the interest had been paid, and that defendants should be required to make proof of the allegation of such nonpayment and that a default of payment occurred and existed concurrently with legal default in taxes, as claimed by defendants. There was also specific allegation there was no such concurrence of nonpayment of interest and taxes. By further allegation plaintiff admitted defendants failed to pay the first half of the 1930 taxes on or before December 20, 1930, but alleged that said taxes were fully paid June 17, 1931, by the defendants and any legal default was made good and that defendants were estopped from asserting or claiming any benefit or advantage therefrom. Defendants' demurrer to the amended reply and their motion for judgment on the pleadings were denied and ultimately the case came on for trial.

At the trial, plaintiff suggested that under the pleadings the only issue related to the statute of limitations, and that being an affirmative defense, the burden was on the defendants. After some colloquy between court and counsel, the court indicated it would adopt plaintiff's theory and hold the burden was on the defendants. The parties then made statements reviewing the situation, and the defendants then offered in evidence the original petition which contained the allegation that no part of the principal and interest had been paid, the note which contained no endorsements, and the mortgage which contained the acceleration clause heretofore referred to, and rested. On behalf of plaintiff, the plaintiff testified that her brother was a bachelor farmer; that he was injured in August, 1937, and died in March, 1939; that she found in her brother's safety-deposit box a number of notes and mortgages, including those here involved, and that they were in like condition as when introduced in evidence; that prior to bringing suit she asked for payment and defendant told her he would try to get some money; later he returned and said he couldn't get a loan; they examined the notes and papers in the safety-deposit box and he seemed more interested in another note of $1,064 which he had made. After some further conversations, which did not bear results, she commenced the action.

She found no records of her brother's except a small memorandum book which contained reference to his parents' estate, transactions with J. E. Chick, Perry Smith and Joe Vytlacil, whose notes he held, and on one page the name of "C. I. Banks," under which are noted three amounts of 130, 100 and 100. Opposite the first amount appears "5/11." Assuming that means May 11, no year is shown, nor is any other date noted. Another witness, Dumback, testified to a conversation with Banks late in November or early in December, 1930, in which Banks said:

"Tom, I have just got a notion to turn that farm over to George [Wenning]. I just paid $300 interest and taxes coming due and I have a notion to turn it all over and start in over new."

Another witness testified to a conversation with Banks in June, 1931, in which Banks said George (Wenning) had wanted some money, he (Banks) couldn't raise it "but had raised George some money and had given him a note for the balance of it." Joe Vytlacil testified that Wenning kept a book record which was not found or produced at the trial; that he owed him on a note and had paid interest. He identified his note which bore no endorsements. J. E. Chick testified he had paid Wenning $250, but couldn't fix the date. In the memorandum book mentioned under the name J. E. Chick appears a series of dates and amounts and under the name Joe Vytlacil is a series of three amounts, but no dates.

To rebut the plaintiff's evidence, the defendant Clarence I. Banks testified that he had executed the $6,000 note and the $1,064 note and that he had paid no interest on the $6,000 note nor any of the principal. He stated he had heard the testimony of Dumback, but that he had never talked with Dumback about his business with Wenning, nor had he told Dumback he had paid Wenning some money and got no credit for it. He also stated he didn't recall talking to Davis, but that in 1936 he did offer to turn the farm back to George (Wenning). Mrs. Banks admitted her signature on the $1,064 note and said she never paid anything on the $6,000 note.

After hearing the testimony and the argument of counsel, the trial court concluded the defendants had failed to establish there was no payment of interest when it became due on October 14, 1930. Under this conclusion, the debt was not barred by the statute of limitations, and the trial court rendered a judgment in favor of plaintiffs and against defendants for the amount due on the note as prayed for in the second amended petition and for foreclosure of the real-estate

mortgage. The defendants appeal, and the claimed errors as presented in their brief will be considered.

As a preliminary to that discussion, it is to be observed that the $6,000 note which is the subject matter of the action was dated October 14, 1929, and due five years after date, with interest at five percent per annum, payable annually; that the note bears no endorsements of any payments, either principal or interest, but that when the action was brought on May 10, 1938, the cause of action was not barred by anything appearing on the face of the note. The mortgage securing the note contained the clause heretofore quoted which provided that concurrence of failure to pay interest on the note and taxes on the mortgaged real estate accelerated the due date of the debt. It is also to be observed that the mental incapacity and subsequent death of the payee of the note presented some handicap to the guardian and subsequent administratrix of his estate, and also that by reason of his death the lips of the defendants were closed with respect to certain of their transactions and communications with the decedent. The fact taxes were not paid in November of 1930 was disclosed when defendants answered the second amended petition, and at least from that time on the avowed effort of the plaintiff was to so plead that the burden was on the defendants to prove concurrence of default of payment of interest and taxes, and the effort of the defendants was to so plead the burden was on the plaintiff to prove the contrary, and as a result issues were finally made up as hereinbefore outlined.

Defendants first contend their motion for judgment on the pleadings should have been sustained. In order for that to have been the case, the pleadings must have disclosed affirmatively that there was concurrence of default in payment of interest and taxes on December 20, 1930. Defendants insist that as originally filed the petition alleged a failure to pay interest due on October 14, 1930, and that at a later stage plaintiff admitted defendants had not paid the taxes due on December 20, 1930. But that last admission was made after the original petition had been amended and was made by the plaintiff in her reply which alleged the interest had been paid or that there had been an agreement for extension of its payment. If it be assumed the claim for interest made in the original petition was an admission, then that pleading could be offered in evidence against the plaintiff, but it was subject to explanation by her. (See *Arkansas City v. Payne*, 80 Kan. 353, 102 Pac. 781; *Watt v. Railway Co.*,

82 Kan. 458, 108 Pac. 811; *Meek v. Deal, Adm'x,* 87 Kan. 319, 124 Pac. 160; *Betts v. Gilbert,* 149 Kan. 431, 87 P. 2d 637.) At least a partial explanation was made in subsequent pleadings of the allegations of the petition concerning payment of interest. Bearing in mind the state of the pleadings when the court ruled on the motion for judgment, it appears the defendants were not entitled to judgment on the pleadings.

The next contention is that the trial court erred in holding the burden of proof was on the defendants to establish their claim that the cause of action was barred by the statute of limitations. Insofar as the note here is concerned, there is and can be no argument that the action was brought in time. The note contained no provision for acceleration, it was dated October 14, 1929, and was not due until five years after date, or October 14, 1934. The action was commenced in May, 1938. The mortgage did contain a clause that if there was concurrent failure to pay interest on the note, and taxes on the real estate when they became due, the principal of the note became due and payable. Whether there was such a concurrence could never be ascertained from the face of the note and mortgage. The pleadings in the foreclosure case, as originally filed, did not disclose that any cause of action was barred. The face of the note and mortgage disclosed no situation where it was incumbent on the pleader to allege facts showing the cause of action was not barred. If there was any bar, it was by reason of a fact not appearing on the face of the petition, and in such case it must be raised by answer. (See *Chandler v. Runnels,* 138 Kan. 673, 27 P. 2d 232.) We need not discuss many authorities cited by defendants dealing with the burden of the plaintiff to plead and prove facts to show that a cause of action barred on its face has, by reason of those facts, not been barred. As to the petition originally filed, the burden of proof was on the defendants to plead and prove that taxes had not been paid at a time when interest was in default, so as to prove acceleration of the debt, with the consequence that action on it was barred because not timely begun. Ultimately the defendants answered alleging complete default on their part in paying any part of the note and concurrent nonpayment of taxes in 1930, and setting up the statute of limitations. That was affirmative pleading, and the allegation about taxes was new matter. The amended reply taking issue has been previously referred to. Without pursuing the matter further, we are of the opinion the trial court properly ruled the

burden of proof was on the defendants to show there was concurrence of default in 1930 of payment of interest and taxes, and that the debt then became wholly due, and that the action was barred when begun in May, 1938.

Defendants also make some contention they made a prima facie case by offering the original note showing no endorsements of payments, the failure to pay taxes in 1930 being admitted by the pleadings, and that the burden of proof then shifted to the plaintiff. It is true that when defendants made a prima facie case, the burden of going forward shifted to the plaintiff, but that did not change the burden of proof. It stayed with defendants throughout the trial. (See *Piper v. Matkins,* 8 Kan. App. 215, 217, 55 Pac. 487. And see *Cable v. Brotherhood of Railroad Trainmen,* 150 Kan. 242, 246, 92 P. 2d 81, where it was said:

"Appellant complains that the burden of proof was placed upon her at the beginning of the trial. We think under the pleadings that ruling was proper. Aside from that, in these cases, the question of the burden of proof is largely, which one should first go forward with evidence. Each party introduced all the evidence he or she desired to introduce, the court heard and considered it all, and the question of which had the burden of proof was not of much importance. (*Loveless v. Ott,* 121 Kan. 728, 250 Pac. 324.)"

Defendants also complain that the evidence does not show payment of the interest in 1930. This argument is predicated largely on the contention the burden of proof was on the plaintiff to prove it had been paid. That phase of the matter has been discussed. There was evidence that Clarence Banks had told others he had paid his interest. The book account did not agree with this statement, but what it showed was somewhat inconclusive. Banks said he had not paid, either as stated by the witnesses or as shown by the book account. The whole matter, however, was before the trial court, and the question of who and what to believe was its function, not ours.

It is further contended that plaintiff is bound by the entries in George Wenning's memorandum book; that when he entered the first amount of 130 as of "5/11" and two subsequent amounts of 100 and 100 without dates, it was an admission against interest, which plaintiff could not dispute by the testimony of others as to what Banks said about paying interest to Wenning. When the memorandum book was offered in evidence, defendants objected because it was not properly identified, and because there was no

showing it was kept in regular course of business. The court stated it was not very well identified, but in view of the situation it would admit it for what it was worth. Whatever the rule may be as to the binding force of an admission deliberately made by the party to an action, in the situation here presented it should not be applied.

Some complaint is also made that the trial court erred in refusing to permit Banks to testify as to the consideration of the note for $1,064. Banks had testified he signed the note for $6,000 and the note for $1,604. He was asked what was the consideration for the last note and objection was made that it of necessity related to a transaction with a person since deceased. The court sustained the objection. Thereafter the witness stated he had not paid any interest on the $6,000 note. He was then asked if the $1,064 note included any interest on the $6,000 note and objection was sustained. The affidavit offered in connection with the motion for a new trial need not be detailed. It states that had Banks been permitted, he would have testified to a series of transactions with Wenning which ended in his giving the $1,064 note. Under G. S. 1935, 60-2804, the witness was incompetent to testify in his own behalf, and the trial court ruled properly in excluding the proffered testimony.

The briefs contain citation of many authorities in support of the above contentions, and of others collateral thereto, which have been examined, but cannot all be mentioned and discussed. An examination of the whole record discloses that the trial court considered all of the competent evidence and thereafter rendered judgment in favor of the plaintiff. That judgment includes within it a finding that the cause of action was not barred by the statute of limitations by reason of concurrence in default of payment of interest and taxes in 1930. There is no claim the judgment is not correct if the cause of action out of which it grew was not barred.

The judgment of the lower court is affirmed.