### No. 39,505

HARRY A. LANNING, Administrator of the Estate of Walter Scott Goldsberry, Deceased, *Appellant,* v. CLAUDE EUGENE GOLDSBERRY, *Appellee.*

(280 P. 2d 954)

Opinion filed March 5, 1955.

Don W. Noah, of Beloit, argued the cause, and Ralph H. Noah, of Beloit, Harry A. Lanning, and William M. Drumm, both of Seneca, were with him on the briefs for the appellant.

A. Harry Crane, of Topeka, argued the cause, and Richard W. Shaw, of Hiawatha, Ward D. Martin, Arthur L. Claussen and Richard E. Pringle, all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action brought in the district court by the administrator of an estate to recover as a part of the assets of the estate certain real property standing in the name of defendant. Defendant demurred to the petition upon the ground the trial court had no jurisdiction of the action. This demurrer was overruled and defendant appealed. By an opinion appearing in 171 Kan. 292, the judgment of the trial court was affirmed. Thereafter defendant filed an answer denying allegations of plaintiff's petition; he also filed a cross-petition in which he alleged that he was the owner in fee simple of the property and in possession thereof, and sought to quiet his title thereto. Plaintiff filed a reply to the answer and also an answer to the cross-petition. Defendant then moved for judgment on the pleadings. That motion was granted and plaintiff appealed. Our opinion reversing the trial court appears in 173 Kan. 654. Reference is made to the above opinions for statements of the principal facts in the case. Thereafter there was a trial before the court which made findings of fact and conclusions of law as follows:

"FINDINGS OF FACT.

"The Court finds from the evidence adduced in the above entitled case as follows:

"1. That on May 5, 1947, Walter Scott Goldsberry purchased and caused to be delivered to him a warranty deed from Mr. and Mrs. Carl Hartman as grantors, to his brother, Claude Eugene Goldsberry, as grantee to

Lot 9, Block 11, Original city of Sabetha, Nemaha County, Kansas.

"2. That the possession of said deed was at all times in Walter Scott Goldsberry.

"3. That said deed was recorded in the offce of the Register of Deeds of Nemaha County, Kansas, in Book 221 at page 328, on the 28th day of November, 1947, and at a time when Walter Scott Goldsberry was still alive.

"4. That the recording of said deed and the testimony of the scrivener, A. S. Trimble, as follows: 'if anything should happen to Claude, I would like to have the title come back to me'—quoting words of Walter Scott Goldsberry, clearly shows the intention of a gift inter vivos from Walter Scott Goldsberry to Claude Eugene Goldsberry of the title to the above described property.

"5. That at the time of the execution, delivery and recording of the above mentioned, Walter Scott Goldsberry knew the nature and extent of his property and was not under duress or restraint.

"6. That Claude Eugene Goldsberry was not a fiduciary of Walter Scott Goldsberry, never qualified as administrator and never took over or had access to the bank box of Walter Scott Goldsberry in the Farmers State Bank of Sabetha, Kansas.

"7. That Walter Scott Goldsberry departed this life on January 4, 1948, and that Claude Eugene Goldsberry is still living.

"8. That as an incident of the execution of the deed from Hartmans to Claude Eugene Goldsberry transferring title to above described property, Claude Eugene Goldsberry executed a deed in blank to the same property, which deed was delivered to Walter S. Goldsberry to satisfy his desire that 'if anything should happen to Claude, I would like to have the title come back to me.'

"9. That nothing happened to Claude Eugene Goldsberry during the lifetime of Walter S. Goldsberry, that no affirmative act of Walter S. Goldsberry was ever performed to place title back in himself, that said deed has never been found and must have been lost or destroyed while in the possession of Walter S. Goldsberry.

"10. That plaintiff has failed to sustain his alleged cause of action.

### "CONCLUSIONS OF LAW.

"1. That Claude Eugene Goldsberry is the legal and equitable owner of the following described real estate, to-wit:

Lot 9, Block 11, Original City of Sabetha, Nemaha County, Kansas,

by reason of a gift inter vivos from his brother, Walter S. Goldsberry and that plaintiff should take nothing by reason of his petition herein, that title to the above described real estate should be quieted in defendant, Claude Eugene Goldsberry on his cross petition.

"It Is So Ordered."

Plaintiff made objections to the findings of fact and moved to have them set aside or substituted, and also filed a motion for a new trial. These motions were overruled and judgment was rendered in harmony with the court's findings of fact and conclusions of law.

Plaintiff appealed from all adverse rulings. In this court plaintiff first contends the court erred in the admission of testimony by defendant, an incompetent witness under our statute G. S. 1949, 60-2804, as to conversations and transactions had with his deceased brother. The contention lacks merit for the simple reason that defendant gave no testimony of conversations or transactions with his brother pertaining to the deed of the property to him. That testimony was given by Mr. Carl Hartman, the owner of the property deeded to defendant, and by Mr. A. S. Trimble, the real estate agent and scrivener who actually handled the matter.

Prior to the filing of this action plaintiff conducted a discovery proceedings in the probate court. He was represented at that time by the same attorney who appears for him now. In that proceeding the defendant was called and examined as a witness, as were Hartman and Trimble. The testimony was taken by a court reporter and later transcribed. At the trial from which this appeal was taken defendant's counsel introduced in evidence a part of the testimony of defendant given at the discovery proceedings, which the court received over the objections of plaintiff. Appellant now contends this was error. The contention lacks merit. Plaintiff, in his reply, attached and made a part thereof, the entire transcript of the discovery proceedings. This was brought out in our opinion in 173 Kan. 654. Having done so, he opened up the question of defendant's capacity to testify and he cannot now be heard to complain of it.

The pertinent general rule is well stated in 58 Am. Jur., p. 210, Witnesses, § 358, as follows:

"The law recognizes that it may sometimes be to the advantage of the person for whose benefit the statute, prohibiting a witness from testifying concerning transactions or statements of deceased persons, and conducive to the ends of justice, to permit the disqualified witness to testify; and to this end a person for whose benefit the statute exists may exercise discretion in making an incompetent witness competent. It is accordingly a well-settled general rule that a party for whose benefit or protection the disqualification is erected, by calling and examining as a witness one who is incompetent to testify concerning transactions or conversations with the deceased, waives the incompetency of the witness with respect to matters concerning which he is examined and renders him competent as a witness against the examining party as to such matters. This principle of waiver is applied with reference to examinations of a witness in proceedings in probate or surrogate's court to discover assets of a decedent's estate. . . ."

Also, 20 Am. Jur., p. 262, Evidence, § 275, as follows:

"It is well settled that where part of a conversation is put in evidence, the adverse party is entitled to prove the remainder of the conversation, particularly to the extent that it modifies or explains the part admitted. It is equally well settled that where part of a writing is introduced into evidence, the opponent may introduce the remaining part of the writing or have the entire letter or document read in evidence. Where one puts into evidence the admissions of his opponent, all of what was said at the same time upon the same subject may be given in evidence although it would not otherwise be admissible."

See, *State v. Boyd,* 140 Kan. 623, 38 P. 2d 665; *Tarkowski v Banks,* 151 Kan. 898, 101 P. 2d 893; *State v. McCarbrey,* 152 Kan.

18, 102 P. 2d 977; *In re Estate of Wittman*, 161 Kan. 398, 168 P. 2d 541; and, *In re Estate of Cross*, 166 Kan. 318, 201 P. 2d 1052.

Appellant also complains of the findings of fact made by the trial court, its conclusions of law, the court's refusal to amend those or strike them out, and to sustain others suggested by plaintiff. Examining these findings made by the court we conclude that each of them is sustained by the evidence, and further find that the evidence would not sustain the motion to amend the findings to strike some of them and to substitute new ones suggested.

Counsel for appellant complains of the court's conclusions of law. We think it necessarily follows from the findings made by the court and the judgment for defendant.

We find no error in the record. The judgment of the trial court should be affirmed. It is so ordered.