No. 41,401

Maurice S. Bailey and Marion G. Bailey, husband and wife, *Appellants*, v. A. L. Talbert, *Appellee*.

(347 P. 2d 415)

Opinion filed December 12, 1959.

*L. J. Bond,* of El Dorado, argued the cause, and *Robert M. Bond,* of El Dorado, and *D. H. Forbes,* of Neodesha, were with him on the briefs for the appellants.

*T. D. Hampson,* of Fredonia, argued the cause, and *P. W. Stephens,* of Neodesha, was with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This appeal is from an order of the trial court dated October 23, 1958, in which plaintiff's motion for judgment on the pleadings and their demurrer lodged against defendant's amended answer and cross petition were overruled. In a previous appeal of the same case (*Bailey v. Talbert,* 179 Kan. 169, 294 P. 2d 220, the judgment of the trial court was reversed and a new trial ordered. (p. 177.)

In addition to plaintiff's petition with a partial amendment thereto and defendant's answer and cross petition in the former trial, the defendant has now filed an amended answer and cross petition and a supplemental and amended answer and an amended and supplemental cross petition. Plaintiffs moved for judgment on the pleadings after defendant filed his amended answer and cross petition on the grounds that according to the decision of this court in the previous appeal all of the defenses offered by defendant's pleadings and proof were without merit and were *res judicata* to those defenses or any others that were not raised in the first trial. On September 19, 1957, this motion for judgment on the pleadings was overruled by the trial court. After defendant filed his supplemental and amended answer and the amended and supplemental cross petition, plaintiffs filed a lengthy motion to strike, which was overruled. Plaintiffs then filed a motion for judgment and a demurrer to the supplemental and amended answer and cross petition based on the theory of *res judicata.*

Our opinion in the first appeal sufficiently set out the facts and we shall, therefore, not repeat them here.

On October 23, 1958, in ruling on ". . . plaintiffs' demurrer to the amended answer and amended cross petition of the defendant, A. L. Talbert, and on plaintiffs' motion for judgment," the trial court ordered, ". . . that the plaintiffs' demurrer and the plaintiffs' motion for judgment be and the same are hereby overruled."

Plaintiffs timely filed and served the following notice of appeal to this court from the order of October 23, 1958:

"To: A. L. Talbert, Defendant, P. W. Stephens, and T. D. Hampson, his attorneys of record.

"You, and each of you, are hereby notified that the plaintiffs in the above cause hereby appeal to the Supreme Court of Kansas from the decision and judgment of the above entitled court overruling the motion of plaintiffs for judgment on the pleadings in said cause and from the order overruling the demurrer of the plaintiffs to the amended answer and cross petition of the defendant, which judgments and orders were made and entered on the 23rd day of October, 1958."

Plaintiffs have assigned four specifications of error. The first, third and fourth claims of error are based on defendant's supplemental and amended answer and cross petition but by reason of the record before us, we cannot consider those contentions because they were not included in the trial court's order of October 23, 1958, or in the notice of appeal therefrom. In *O'Brien v. Jones,* 183 Kan. 170, 326 P. 2d 257, the rule was stated thus:

"Rulings not particularly specified in a notice of appeal present nothing for appellate review." (Syl. ¶ 1.)

The only question remaining pertains to the correctness of the trial court's order overruling plaintiffs' demurrer to the amended answer of defendant, as set out in the trial court's order and the notice of appeal. When a new trial is ordered by an appellate court, the parties are restored to the same condition they were in before the former trial was had or judgment rendered. (*Bank v. Edwards,* 84 Kan. 495, 497, 115 Pac. 118.) When this court ordered a new trial in the court below, the case was left for trial upon issues framed by the pleadings as though no trial had been had. (*Commander-Larabee Milling Co. v. McBride,* 152 Kan. 709, 107 P. 2d 668, cited and followed in *Nicholas v. Latham,* 179 Kan. 348, 353, 295 P. 2d 631.)

Under such circumstances a demurrer grounded on the theory of *res judicata,* as plaintiffs' demurrer was in this case, was properly overruled by the trial court.

Affirmed.