## JOSEPH CAHN & COMPANY v. TOOTLE, WHEELER & MOTTER.

### No. 9887.

APPELLATE PROCEDURE — *mandate of reversal not directing judgment, case stands below as if no trial had.* Where a proceeding is brought to review the rulings of a district court in a case where the facts were not agreed upon or found, and the judgment is reversed and the cause remanded for further proceedings, the case stands in the district court as it did before the trial and judgment; and the parties may then amend the pleadings, introduce new evidence, and establish a new state of facts.

Error from Clark District Court. Hon. Francis C. Price, Judge. Opinion filed May 8, 1897. *Reversed.*

*E. F. Ware*, for plaintiff in error; *Gleed, Ware & Gleed, D. E. Palmer* and *C. Hamilton*, of counsel.

*Reed, James & Street*, for defendants in error.

JOHNSTON, J. This was a controversy between Joseph Cahn & Co. and Tootle, Hosea & Co., creditors of

E. S. Miner & Co., over a fund derived from the sale of attached property. Since the controversy arose, there has been a change in the firm of Tootle, Hosea & Co., which is now known as Tootle, Wheeler & Motter; and for convenience the creditors will hereafter be designated by the first name used in each firm.

This is the second appearance of the case in this court, and the claims of the parties, as well as the earlier proceedings in the case, may be learned from the report of the first consideration. *Tootle v. Cahn*, 52 Kan. 73. After the reversal here, the case was remanded to the District Court for further proceedings, when Tootle presented to the court below a motion asking for judgment against Cahn for $2,711.41, with interest from June 17, 1889 ; alleging that, since the first judgment was rendered and before the reversal of the same, Cahn had received that amount of the contested fund from the clerk of the court. At the same time, Cahn moved for leave to dismiss the motion filed when his firm intervened in the Tootle attachment action ; but the motion was denied. The District Court then, without testimony and without further trial of the cause, awarded judgment against Cahn for $3,-517.15. In the judgment then rendered, it is recited that the records of the court show that, on June 28, 1889, Cahn received from the clerk the contested fund in his hands, and for that reason the application to dismiss was refused. It is also recited that judgment in favor of Tootle is entered in accordance with the decision of the Supreme Court and its mandate to the District Court. The mandate provided "that the judgment of the District Court be reversed and that this cause be remanded for such other proceedings as are in accord with the views of this court as expressed in its written opinion, a certified copy of which is herewith transmitted."

The judgment of this court did not necessarily end the controversy between the parties. The mandate was general, directing further proceedings in the case, to be governed by the legal principles announced in the opinion of the court. If it had been the view of this court that judgment should be entered without further proceedings, an express direction to that effect would have been embodied in the mandate. The Supreme Court was not warranted in directing judgment, as the facts in the case were disputed. Upon reversal, judgment may be directed by the Supreme Court in cases where the facts are agreed upon, or have been found by the trial court or a referee. Gen. Stat. 1889, ¶ 4660. The case was brought here for review, not for trial, and the facts not having been agreed to nor found, a final adjudication could not be made. The decision of this court became the law of the case upon the state of facts disclosed in the record brought here, and the result was, to set aside the judgment which had been previously entered. When the case was remanded to the District Court for further proceedings, the parties litigant were restored to the same conditions in which they were before the trial was had or judgment rendered. The case was back for a re-trial. The law declared in the decision of the Supreme Court is conclusive upon the parties and upon the trial court upon the facts as they were shown to exist in the first trial, and if a like state of facts is shown upon a retrial the judgment must be controlled by that decision. On the retrial, the plaintiffs in error are at liberty to allege and prove a new state of facts, different from that brought out on the former trial of the cause, and hence the legal principles announced in that decision may be inapplicable. They may show, if they can, that Tootle is not entitled to priority in the fund in dispute, nor en-

titled to recover any judgment against them. It also appears that the situation is not the same as when the case was here before. Since that time the fund has been delivered to Cahn, and the right of Tootle to a judgment against Cahn was not considered or involved on the first trial. When the case was remanded, however, it stood in the District Court exactly as if no trial had ever occurred; and therefore the District Court had nothing upon which to base the judgment which it finally rendered. Its judgment will, therefore, be reversed and the cause remanded for another trial.