No. 34,911

COMMANDER-LARABEE MILLING COMPANY, *Appellant*, v. W. O. McBRIDE, *Appellee*.

(107 P. 2d 668)

Opinion filed December 7, 1940.

*Karl V. Shawver,* of Paola, and *Harold M. Noble,* of Kansas City, Mo., for the appellant.

*Oliver D. Rinehart,* of Paola, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for liquidated damages because of failure of defendant to give shipping instructions and to receive and pay for certain flour alleged to have been sold by plaintiff to defendant under two written contracts, which contracts contained a formula for computing liquidated damages in the event the buyer did not order and pay for the flour purchased. The contracts relied upon by plaintiff are set out and it is alleged that he gave shipping instructions and received and paid for only a small part of the flour ordered. The prayer is for damages for $238.53 on one of the contracts and for $732.44 on the other, making a total of $970.97.

The verified answer of defendant contained a general denial. This appears to have been construed as a denial of the signing of the written contracts sued upon. It admitted giving orders to certain of plaintiff's agents, but alleged defendant was induced to do so by false representations of the agents, upon which he relied, to the effect that the flour ordered was equal in quality to another brand of flour manufactured by plaintiff and which defendant has been selling. It was alleged the flour taken under these orders was inferior in quality to the other brand, could not be sold to defendant's old customers, and resulted in loss of business and damages to defendant. Other details of the pleadings need not be stated, further than to say defendant had a cross petition for commissions he claimed from plaintiff on other business.

There was a jury trial. The court refused to admit, or having admitted struck out, a substantial part, but not all, of the evidence offered by defendant tending to show he was induced to give the orders for the flour to defendant's agents because of their false representations as to quality, and also refused to permit defendant to offer any evidence on his cross petition.

At the close of all the evidence plaintiff moved the court for a directed verdict for plaintiff against defendant for the full amount sued upon, which motion was denied. Defendant requested an instruction, in substance, that if the jury found defendant signed the written contracts sued upon, and that he was induced to do so by the false representations of plaintiff's agents, upon which he relied, then

defendant is not bound by the terms of such contracts. This was refused.

The jury returned a verdict for plaintiff for $275. Plaintiff then moved the court for judgment for the full sum sued for, notwithstanding the jury's verdict. This was denied.

Plaintiff then filed a motion for a new trial upon numerous statutory grounds and included the refusal of the trial court to sustain its motion to direct a verdict. The defendant also filed a motion for a new trial upon numerous statutory grounds and included the rulings of the court on the admission of evidence and the refusal of the court to give his requested instruction.

The court ruled upon these motions as follows:

"The motion of the defendant and the motion of the plaintiff, both requesting a new trial, have each been further and fully considered and under the law and the facts of this case, it does appear the court should grant a new trial.

"It is therefore considered, ordered and adjudged that plaintiff and the defendant, on their joint request, shall each be entitled to a new trial, and a new trial is by the court ordered for the plaintiff and for the defendant."

Plaintiff has appealed from two things only—the refusal of the court to give its requested instruction for a directed verdict in its favor, and the refusal of the court to sustain its motion after the verdict for judgment for the full amount of its claim notwithstanding the verdict. This last point is not seriously pressed. There is no appeal from the ruling of the court granting the motions for a new trial. In appellant's reply brief it is said:

"Appellant has not attempted to appeal from the order granting a new trial, and the ruling of the court on the motions for new trial is not before this court."

The ordinary effect of an order of a court granting a new trial is to set aside the verdict, special findings, if any, and all trial rulings, and leave the action for trial on the issues framed by the pleadings as though there had not been a trial. (46 C. J. 436; *McCrum v. Corby,* 15 Kan. 112; *Cahn v. Tootle,* 58 Kan. 260, 48 Pac. 919; *Johnston v. Lanter,* 92 Kan. 257, 139 Pac. 1031; *Peoples Nat'l Bank v. Casey,* 127 Kan. 581, 274 Pac. 286; *Foust v. Mills,* 128 Kan. 471, 278 Pac. 745; *Lapo v. Naillieux,* 139 Kan. 23, 29 P. 2d 1093.)

Appellant, however, contends the ruling denying its motion for a directed verdict is an appealable order without regard to what occurred later in the case. Plaintiff likens its motion to a demurrer

to evidence. The difference is that the statute makes a ruling on a demurrer an appealable order whether the demurrer is sustained or overruled. (G. S. 1935, 60-3302, *second*, last phrase.) There is no such statute applying to a motion for a directed verdict. Had the motion been sustained, resulting in a judgment for plaintiff, there would have been a final order on which defendant could have appealed. That was not the case here.

While perhaps it is possible for a motion for a directed verdict to concede everything favorable to the other side so that it is tantamount to a demurrer to the evidence, that is not the case here. Ordinarily such a motion is a mere procedural act. (64 C. J. 421.) Apparently, in the trial court, plaintiff so regarded it, for in its motion for a new trial the ruling of the court on this motion is named as one of the trial errors.

Here the new trial was granted generally, and upon the motion of both the plaintiff and the defendant. Clearly the court was not satisfied with the result. This court does not entertain appeals in cases that have not been finally adjudicated in the trial court, either generally or upon some particular point which itself is appealable. This case stands in the court below for trial upon the pleadings as though no trial had taken place. The attempted appeal here is from an order that was not appealable. The appeal, therefore, is dismissed.