No. 35,243

A. D. WEISKIRCH, *Appellant,* v. ALTA M. LUX, *Appellee.*

(119 P. 2d 451)

Opinion filed December 6, 1941.

*Charles Rooney,* of Topeka, for the appellant.

*E. R. Sloan, W. Glenn Hamilton, Floyd A. Sloan* and *Eldon R. Sloan,* all of Topeka, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover from the maker of a promissory note. Plaintiff prevailed, and the court granted a new trial on the motion of the defendant. Plaintiff has appealed from the order granting a new trial generally and from an order overruling his subsequent motion to limit the new trial to one particular defense.

In order to keep appellant and appellee clearly distinguished it will be helpful to remember that although plaintiff obtained a verdict in his favor, he is nevertheless the appellant.

The defendant, appellee, insists the appeal must be dismissed for two reasons. The first reason urged is that the appeal from the order granting a new trial was not perfected in time. The second reason is that the order refusing to limit the issues on retrial is not an appealable order. These contentions of appellee will be considered in the order stated.

Was the appeal from the order granting a new trial perfected in time? The new trial was granted January 18, 1941. It affirmatively appears the new trial was granted upon the ground the court believed it had erroneously compelled the defendant, appellee, to elect upon which of two alleged inconsistent defenses she would rely. The sole issue submitted to the jury was whether defendant had signed the note. The other issue, namely, whether defendant's signature was obtained by trickery and fraud, was not submitted to the jury. While no special findings, as such, were requested, the form of the verdict submitted covered only the issue whether defendant had signed the note. The jury by its verdict answered that question in the affirmative.

On January 20, 1941, appellant filed the following motion:

"Comes now the above-named plaintiff and moves the court to reconsider his ruling and decision upon the motion for a new trial rendered January 18, 1941, for the following reasons, to wit:

"In the event a motion for a new trial should have been granted, a new trial should not have been granted *in toto* but only as to the remaining issues other than the issue of whether or not the defendant signed·and executed the note herein sued upon."

In an order of March 1, 1941, the court refused to modify its former order granting a new trial generally and reaffirmed its former ruling of January 18, 1941. The appeal was not perfected until March 21, 1941, or more than two months after January 18, 1941.

G. S. 1935, 60-3302, authorizes an appeal from an order which grants or refuses a new trial. Under the provisions of Laws of 1937, chapter 268, section 2, an appeal must be perfected within two months from the date of the judgment or order from which the appeal is taken. (G. S. 1939 Supp. 60-3309.) That part of appellant's motion filed January 20, 1941, which apparently was designed to raise the question whether the motion for a new trial should have been granted at all, presented precisely the same question which was previously raised and decided on January 18, 1941. That part of the motion of January 20, therefore, did not extend the time within which to appeal from the order made on January 18. This rule and the reasons therefor have been stated clearly in cases involving varying circumstances. (*Security Finance Co. v. Hoyt*, 143 Kan. 11, 53 P. 2d 802; *Sheets v. Metropolitan Building Co.*, 144 Kan. 55, 57, 58 P. 2d 93; *Gas Service Co. v. Consolidated Gas Utilities Corp.*, 150 Kan. 715, 717, 718, 96 P. 2d 608; *Miller v. Sunflower Recreation Society*, 151 Kan. 930, 101 P. 2d 891.)

This brings us to the second part of appellant's motion filed January 20, under which it was urged if a new trial should have been granted it should not have been granted generally but only as to the single issue of fraud in obtaining defendant's signature to the note. In support of that part of the motion appellant contends he had a right to ascertain whether the court in granting the new trial was setting aside the answer of the jury that defendant had signed the note and whether the new trial would cover only the fraud issue. In *Commander-Larabee Milling Co. v. McBride*, 152 Kan. 709, 107 P. 2d 668, we said:

"The ordinary effect of an order of a court granting a new trial is to set aside the verdict, special findings, if any, and all trial rulings, and leave the action for trial on the issues framed by the pleadings as though there had not been a trial. (46 C. J. 436; *McCrum v. Corby*, 15 Kan. 112; *Cahn v. Tootle*, 58 Kan. 260, 48 Pac. 919; *Johnston v. Lanter*, 92 Kan. 257, 139 Pac. 1031; *Peoples Nat'l Bank v. Casey*, 127 Kan. 581, 274 Pac. 286; *Foust v. Mills*, 128 Kan. 471, 278 Pac. 745; *Lapo v. Naillieux*, 139 Kan. 23, 29 P. 2d 1093.)" (p. 711.)

In the instant case the record discloses the court expressly had set aside the verdict when it granted the new trial on January 18. Appellant, therefore, knew the verdict that defendant had signed the note had been set aside and that no verdict with respect to any issue remained. Appellant also knew the order granting a new trial contained no limitation of issues to be retried. Under these circum-

stances there was no occasion for filing the motion of January 20, for the purpose of ascertaining what was embraced in the order of January 18.

Appellant suggests the order granting a new trial had not been signed or filed on January 18. His motion of January 20, heretofore quoted, expressly recognized the fact that the ruling or decision granting a new trial generally had been made on January 18.

Did that part of the motion of January 20 which requested a limitation of the new trial to the single issue of fraud extend the time for perfecting the appeal from the order granting a new trial? The motion was in effect a request to reconsider the order which granted a new trial generally. In that respect it raised nothing new and did not extend the time for perfecting an appeal. Appellant points out he did not file the motion for a new trial. That is true, but that does not alter the fact a new trial had been granted generally, nor does it alter the fact that if appellant was dissatisfied with that ruling he was required to perfect his appeal therefrom within the time fixed by the statute. It is also interesting to note that in the instant case appellant had time to appeal from the ruling of January 18 after the ruling on his motion to reconsider.

Appellant insists the order of March 1 refusing to limit the issues on retrial was a final order; that his appeal from it was in time and that under the provisions of 1939 Supp. 60-3314a, he is entitled to have a review of all orders even though made more than two months before the appeal was perfected. Under the circumstances here presented the order of January 18, and not the order of March 1, was the final order from which an appeal lies within the meaning of the statute. (G. S. 1935, 60-3302, Sub. 1-3, 60-3309; *Miller v. Sunflower Recreation Society,* supra. See, also, *Commander-Larabee Milling Co. v. McBride,* 152 Kan. 709, 107 P. 2d 668.)

Appellant also misinterprets G. S. 1939 Supp. 60-3314a. It pertains to final judgments. It provides:

"When a party appeals, after a *final judgment* against him, the fact that some ruling of which he complains was made more than two months before he perfected his appeal shall not prevent a review of the ruling." (Emphasis supplied.)

The order refusing to limit the issues on retrial was not a final judgment. It neither determined defendant's liability nor nonliability on the note. Its effect was merely to require a retrial of the issues framed by the pleadings. It left the case as though no trial

had been had. (*Commander-Larabee Milling Co. v. McBride,* supra.) Under the circumstances here presented the order of March 1 was not an appealable order.

Appellant contends the code authorizes courts to limit the issues on a retrial. The code does authorize such limitation under conditions stated in the statute. (G. S. 1935, 60-3004; *Paul v. Western Distributing Co.,* 142 Kan. 816, 52 P. 2d 379.) The first issue, however, which we must determine is not whether the code authorizes such a limitation of issues on a new trial nor whether the court, in the instant case, should have limited the issues on a new trial. The first question now confronting us is whether the appeal from the final order which granted a new trial generally was perfected in time. No reason is presented in the record which prevented appellant from requesting the court, before the order for a new trial generally was actually granted, to limit the issues on retrial in the event a new trial was granted. Of course, it was not improper for appellant later, within the same term, to ask the court to reconsider its order granting a new trial generally. Such request, however, did not extend the time for perfecting the appeal from the final order which granted a new trial generally. The appeal must be dismissed. It is so ordered.