No. 35,294

RALPH L. SMITH and JUANITA SMITH, His Wife, *Appellants*, v. WYANDOTTE FURNITURE COMPANY, and PAUL WALKER, *Appellees*.

(119 P. 2d 478)

Opinion filed December 6, 1941.

*C. D. Bruce*, of Kansas City, for the appellants.

*Edwin S. McAnany, Thomas M. Van Cleave, Willard L. Phillips, Bernhard W. Alden, Patrick B. McAnany* and *Thomas M. Van Cleave, Jr.*, all of Kansas City, for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action for alleged blackmail and extortion, alleging actual damages of $100 and $3,000 exemplary damages, and to cancel an item of $59.25 which plaintiff owed defendant on a bill of furniture purchased on an installment contract, to quiet plaintiffs' title to the furniture, and to restrain and enjoin defendants from filing suit or otherwise molesting plaintiffs in their peaceable possession of the furniture.

From a statement in appellants' brief we learn that an action for some such relief as stated above had been filed in the district court on November 10, 1938. On April 14, 1939, a second amended petition was filed and the trial court intimated its inclination to make some adverse ruling thereon; whereupon "plaintiffs being poor people unable to pay the costs of appeal, dismissed without prejudice and refiled the said cause in a new case . . . on August 9, 1939."

In that petition plaintiffs alleged that the defendant corporation was engaged in selling furniture on credit, and that defendant Paul Walker was its agent and had full authority to adjust and collect debts due the corporation. They further alleged that theretofore (date not shown) they had purchased certain furniture from defendant, and had "almost all of this paid off" when they purchased some more furniture from defendant, that the total amount charged to them therefor was $457.50, that they paid $398.23 thereon, and that defendant was endeavoring to collect a balance due thereon in the sum of $59.25, and that defendant by its agent, Paul Walker, did attempt to extort money from plaintiffs by demanding that they pay interest in the sum of $29.26 as a condition for extending the time to pay the balance due, and that said demand for interest was usurious to the extent of $23.34, and that defendant Walker declared that if plaintiffs did not pay the demanded interest the defendant corporation would repossess the furniture; and that by reason of such unlawful demand they were compelled to employ an attorney to protect their rights, which employment was to their damage in the sum of $100, and because of such "unlawful, malicious, willful, and wanton acts of defendants" plaintiffs were entitled to $3,000 exemplary damages.

On motion of defendants, on June 6, 1940, the trial court struck out extensive paragraphs of plaintiffs' petition, and plaintiffs were given ten days to amend.

Plaintiffs filed an amended petition which did not vary materially from the one which had been subjected to the trial court's scrutiny and ruling on June 6. To this last petition defendants filed a motion to strike it from the files or to stay proceedings on the ground—

"That plaintiffs have failed to comply with the order of the court entered, as aforesaid, on June 6, 1940, in that said amended petition contains numerous allegations which were stricken by said order of June 6, 1940."

On April 8, 1941, this motion was sustained and plaintiffs were given ten days to amend. Instead of amending, on May 15, 1941, plaintiffs served notice of appeal from the trial court's ruling of April 8, 1941, and also from its earlier ruling of June 6, 1940.

Touching first on the error assigned on the ruling of June 6, 1940, that question cannot be considered because the appeal was not filed within two months as required by the civil code. (G. S. 1939 Supp. 60-3309.)

Anent the appeal from the ruling of April 8, 1941, it is not unusual for a motion to strike to be considered as a demurrer; and an adverse ruling thereon, being the equivalent of a ruling on a demurrer, is a final order and therefore appealable. (G. S. 1935, 60-3302, 60-3303.) So, too, an order striking an amended petition from the files is a final order and therefore appealable. (*Hicks v. Parker,* 143 Kan. 763, 57 P. 2d 413.) The trial court's ruling must be regarded as one sustaining that part of defendants' motion which asked that the amended petition be stricken. Otherwise the ruling would not be appealable, since ordinarily an order to stay proceedings in a pending case is not such a final order as would permit an appeal to be taken therefrom.

Considering then the trial court's ruling on April 8, 1941, as an order striking the last amended petition from the files, what was erroneous in that order?

Plaintiffs, in disregard of the trial court's earlier rulings striking out certain paragraphs of their petition, deliberately reincorporated them. To justify such a course counsel for plaintiffs says:

"The trial court attempted to eliminate a plead cause of action by the aforesaid motion to strike out parts thereof followed by sustaining a motion to strike the amended petition or stay proceedings, for if plaintiffs' could not restate the facts on which the extortion or blackmail allegations of their principal cause of action were based they were barred from stating a cause of action thereon as though said motion was a demurrer."

Passing some rather obvious but incidental matters which might invite comment in this situation, we go direct to the question whether

plaintiffs' last amended petition did state a cause of action. Touching the hard words with which plaintiffs characterize defendants' attitude in demanding interest as a condition precedent to granting an extension of time to pay the balance due on the furniture, the words "blackmail," "extortion," "usury" and the like do not in the slightest degree help to state a cause of action. As used in plaintiffs' petitions they were merely the pleaders' conclusions on undisclosed facts—if there were any facts to warrant or excuse their use. It is certainly not blackmail or extortion for a person to claim what he believes to be due him, nor to claim a contract right to the repossession of property, nor did plaintiffs plead a valid claim for $100 as damages in behalf of their attorney, and none of plaintiffs' petitions gave even a shadow of foundation for a claim against defendants for exemplary damages. Neither was there the slightest ground or excuse for the preposterous plea that plaintiffs' title to the furniture be quieted nor that defendants should be enjoined from filing suit or otherwise asserting their right to repossess the furniture if the contract gave the vendors that right in default of payment by the vendees. And even if it should be conceded that a single instance of the exaction of usury could be enjoined—which is doubtful, although its systematic practice can be—(*State, ex rel., v. McMahon,* 128 Kan. 772, 280 Pac. 906; *State, ex rel., v. Basham,* 146 Kan. 181, 70 P. 2d 24), a mere attempt to exact usury would not justify the exercise of the extraordinary remedy of injunction. But, here, we have nothing except the pleader's conclusions as the basis for the charge that the defendants attempted to exact usury. Appellants' argument seems to concede that some interest was due. They alleged that defendants demanded $29.26 as interest and that it was extortionate and usurious to the extent of $23.34. Without a specific pleading of facts touching the amount that was in default and how long it had been in default, the allegations as to usury are mere gratuitous conclusions; and the trial court did not err in striking them from the earlier petitions nor in sustaining defendants' motion to strike plaintiffs' last petition from the files. Plaintiffs' obstinacy in persistently reincorporating such rubbish in their amended petitions was nothing less than contumacy, and their counsel might well be reminded of his professional obligation and duty not to knowingly foster or promote, or give his assent to, any groundless or injust suit. (Rules of the Supreme Court, No. 41.)

The record contains no error and the judgment is affirmed.