No. 37,981

Donald Krey, a Minor, by his Father and Next Friend, Arcey Krey, *Appellee*, v. Francis J. Schmidt, Harold Popp, doing business as H. M. Popp Truck Line of Hays, Kansas, and Commercial Standard Insurance Company, of Fort Worth, Texas, *Appellants*.

(223 P. 2d 1015)

Opinion filed November 10, 1950.

*Donald R. Newkirk,* of Wichita, argued the cause, and *S. R. Blackburn, Tudor W. Hampton,* and *Ed. R. Moses,* of Great Bend, and *Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Paul R. Kitch,* and *Dale M. Stucky,* of Wichita, were with him on the briefs for the appellants.

*Robert Garvin, Evart Garvin,* and *Morris Garvin,* all of St. John, were on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: Plaintiff, a minor, brought this action through his father to recover damages for personal injury caused by the negligent operation of defendant's truck, joining as parties defendant the driver, Schmidt, the owner, Popp, and the insurance carrier. Amendments were filed to the original petition to comply with portions of defendants' motion to make definite and certain sustained by the court. Subsequently defendants' motion to strike the amendments was overruled, whereupon defendants filed a motion denominated "Special Demurrer" moving to strike paragraph 8 (e) of the petition as amended, which motion also was overruled. Defendants appeal and urge that the court erred in overruling their special demurrer to that portion of plaintiff's petition as amended wherein a cause of action was attempted to be stated for willfullness for the reason that the petition failed to state facts constituting willfullness.

Pertinent parts of plaintiff's petition as amended read as follows:

"5. That on the 24th day of May, 1949, U. S. Highway, number 281, commencing at the south line of Stafford County, Kansas, ran North on the section line to a point about a quarter mile South of the boundary line between Stafford and Barton Counties, at which point said highway made a curve to the left and thence ran in a Northwesterly direction to a point about a quarter mile North to Great Bend, Kansas. That the collision hereinafter described, occurred on said highway approximately four hundred and fifty feet North West of said Stafford county curve and occurred in Stafford County, Kansas; That said U. S. Highway, number 281, has a white painted line along its said entire course, marking the center of the black-top pavement on said highway, which black-top pavement is approximately 24 feet wide. That said highway is and was a well used highway carrying heavy traffic in both directions, all of which facts were well known at the time of said collision by the said Francis J. Schmidt.

"6. That on Tuesday, May 24, 1949, the Plaintiff, Donald Krey, was returning, on said U. S. Highway number 281, to his home in Stafford County, Kansas, from a school he was attending in Great Bend, Kansas, and was driving a 1946 Ford automobile. That about 3:00 P. M. of said day, as he approached the point at which said collision occurred, he was driving said Ford automobile at a speed of approximately fifty miles per hour, and on the right hand side of said pavement and, traveling in a South Easterly direction; that when he reached the point of said collision, he was passing or about to pass a vehicle driven by a Mr. Kincaide, which vehicle was pulling a horse drawn mower and immediately behind said vehicle and mower was a car being driven by Eric Fischer, both of which cars were traveling at a slow rate of speed, on said pavement and, in a North Westerly direction and, on their right side of the center of said pavement. That following behind said cars, driven by Eric Fischer and Mr. Kincaide, was the truck belonging to the defendant, Harold Popp, hereinbefore described, which truck was being driven by the Defendant, Francis J. Schmidt, as the agent and employee of the said Harold Popp. That the said Francis J. Schmidt, without giving any warning· or signal upon overtaking said preceding cars suddenly turned said truck to the left and across the center line of said pavement and into the line of traffic on which plaintiff was traveling in an attempt to pass the cars driven by said Eric Fischer and said Mr. Kincaide. That said truck side-swiped the left side of the Fischer car and struck the car driven by the plaintiff, overturning the car in which plaintiff was driving, causing the plaintiff to suffer the injuries hereinafter described.

"7. That the plaintiff suffered and sustained injuries from the impact of said collision and from the overturning of the car plaintiff was driving as follows, to wit: . . . (Enumerating injuries.)

"8. That the said collision of said truck with the Ford car plaintiff was driving and, the said injuries sustained by the plaintiff, were brought about and resulted wholly from the negligence of the driver of said truck, Francis J. Schmidt, who at that time was the agent, employee and servant of the said Harold Popp, dba H. M. Popp Truck Line of Hays, Kansas, in each of the following particulars, which was the direct and proximate cause(s) of said collision and injuries, to wit:

"a. That the defendant, Francis J. Schmidt, as he approached the point of said collision, was traveling at too high a rate of speed and at such a speed

88

that he did not or could not stop said truck or turn to the left and pass the cars preceding him in safety, without striking the Ford car driven by the plaintiff. But the plaintiff does not know the rate of speed at which said truck was being driven.

"b. That the defendant, Francis J. Schmidt, did not have the said truck under proper control so as to turn to the left or stop said truck to avoid the collision of the said truck and the Ford car driven by the plaintiff.

"c. That the defendant, Francis J. Schmidt, was following the cars preceding him entirely too close for safety and closer than was reasonable and prudent, having due regard for the speed of said truck and the speed of the said cars immediately preceding him and of the traffic upon and the condition of said highway and he was following the said cars with said truck within less than 150 feet.

"d. That the truck driven by the defendant, Francis J. Schmidt, immediately preceding the collision, was suddenly turned to the left side of the center of the said highway in overtaking the cars immediately preceding him and which said cars were being driven in the same direction as said truck and at a time when the left side of the pavement was not free from oncoming traffic and particularly the Ford car, being driven by the plaintiff; that said cars immediately preceding the truck driven by Francis J. Schmidt was not such a distance ahead as to permit said truck overtaking and passing said cars so as to completely make said passing without interfering with the safe operation of the Ford car, which was being driven by the plaintiff and approaching from the North West and from the opposite direction.

"e. That at the time of said collision and immediately prior to said collision, the said defendant, Francis J. Schmidt was driving said truck in such manner as to indicate a willful and wanton disregard for the safety of other persons on said highway and particularly this plaintiff. That the facts, which plaintiff contends constituted a willful and wanton disregard for the safety of other persons on said highway, are the facts contained in all of the other allegations of said Petition.

"f. That the defendant, Francis J. Schmidt, at the time of said collision and prior thereto, could readily have observed the approach of the Ford car driven by the plaintiff, had he been keeping a proper lookout for other users of the highway and particularly this plaintiff, all of which he failed to do.

"That on the said 24th day of May, 1949, and at the time of said collision, the day was clear, visibility was good and the pavement was dry. That the defendant, Francis J. Schmidt, was the duly authorized agent, servant and employee of the Defendant Harold Popp doing business as aforesaid and was in full charge under said authorization in the driving of said truck at the time and place of said collision."

The petition closed with a prayer for relief.

The special demurrer filed by defendants was in the following language:

"SPECIAL DEMURRER.

"Come now the defendants and each of them and demur specially and move to strike all that portion of plaintiff's petition and amendment thereto wherein plaintiff purports and attempts to state a cause of action for willfullness and

more particularly all of paragraph 8 e for the reason that the allegations therein made are mere conclusions and are not supported by any factual allegations."

Appellee challenges the right of appellants to be heard on this appeal, their contention being that the "Special Demurrer" is nothing more than a motion to strike, and that overruling of a motion to strike is not an appealable order under the provisions of G. S. 1935, 60-3302.

At the outset, we will consider whether the petition as amended states a cause of action without paragraph 8 (e)—that portion of the petition at which the special demurrer is lodged.

G. S. 1935, 60-704 provides in substance that (1) the petition must contain the name of the court and the county in which the action is brought, the names of the parties plaintiff and defendant, followed by the word petition; (2) a statement of the facts constituting the cause of action in short and concise language without repetition; and (3) a demand for the relief to which the party supposes himself entitled.

An examination of the petition as amended—deleting paragraph 8 (e)—discloses that it meets all the requirements of the above statute.

Inasmuch as appellee has stated a cause of action, the next question for determination is whether the pleading filed denominated "Special Demurrer" to paragraph 8 (e) of the petition as amended is such that a ruling thereon is appealable.

G. S. 1935, 60-3302 provides in part as follows:

"The supreme court may reverse, vacate or modify any of the following orders of the district court or a judge thereof, . . . First: A final order . . . Third: An order that involves the merits of an action or some part thereof."

Special demurrers are not looked upon with favor. They seldom have any real relation to the merits of the controversy. At most they go only to defects in form and add to the terms of a general demurrer a specification of the particular ground of exception. In some jurisdictions such demurrers have been abolished by statute. (41 Am. Jur. 438.)

The general rule seems to be that a demurrer will not lie to a single paragraph of a petition on the ground that it does not state facts sufficient to constitute a cause of action if the pleading as a whole states facts sufficient to constitute a cause of action, and a demurrer to a part of a cause of action or part of a petition will only be entertained when the imperfect part is so material that, being eliminated,

it leaves the pleading without a good cause of action. (41 Am. Jur. 454-5.)

Where a petition is in several paragraphs, negligence being alleged in more than one of such paragraphs, and a demurrer is interposed to question the sufficiency of only one of such paragraphs, the demurrer does not extend to the sufficiency of the remaining paragraphs not questioned. In the instant case it may be noted that paragraph 8 in subparagraphs (a), (b), (c), (d) and (f) alleges negligence sufficient to state a cause of action as against a demurrer even with subparagraph (e) deleted.

It may be stated that the special demurrer filed by appellants was nothing more than a motion to strike. Being treated as such, a motion to strike is addressed to the sound discretion of the court and ordinarily refusal to grant it will not be disturbed unless it clearly appears that the trial court's discretion has been abused. In *Estes v. Tobin Construction Co.,* 159 Kan. 322, 153 P. 2d 939, we held that motions to strike and make definite and certain rest in the sound discretion of the trial court and rulings thereon are not appealable unless they affect a substantial right *and in effect determine the action.* See also in this connection *Hendricks v. Wichita Federal Savings & Loan Ass'n,* 157 Kan. 651, 143 P. 2d 780; and *Wharton v. Zenger,* 162 Kan. 69, 174 P. 2d 103.

The court in considering G. S. 1935, 60-3302 in the case of *Whitlaw v. Insurance Co.,* 86 Kan. 826, 122 Pac. 1039, stated that an order overruling a motion to strike out portions of an answer which do not involve the merits nor determine the action is not appealable and can be reviewed in this court only after a final judgment in the action. The same rule has been adhered to in many cases since that decision.

In the case of *Wigton v. Donnelly,* 122 Kan. 796, 253 Pac. 400, and again in *Redfield v. Chelsea Coal Co.,* 138 Kan. 373, 26 P. 2d 579, we held that for an order striking certain allegations from a petition to be appealable, it must amount to the sustaining of a demurrer. And only recently in the case of *Pulliam v. Pulliam,* 163 Kan. 497, 183 P. 2d 220, we held that rulings on motions to strike portions of a petition are not appealable unless they affect a substantial right and in effect determine the action.

In the instant case we find nothing to indicate that any substantial right of the appellants has been affected. Moreover, appellee has stated a cause of action against appellants in his petition exclusive of

paragraph 8 (e), and therefore sustaining the special demurrer would not involve the merits of nor determine the action and the order thereon is not reviewable in this court.

The appeal is dismissed.