No. 41,655

DOLE IRRIGATION SUPPLY, INC., a Corporation, *Appellant,* v. HAROLD A. KNACKSTEDT, *Appellee.*

(348 P. 2d 602)

Opinion filed January 23, 1960.

*Evart Mills,* of McPherson, argued the cause and was on the briefs for the appellant.

*L. H. Ruppenthal,* of McPherson, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: The Dole Irrigation Supply, Inc., plaintiff (appellant), filed this action against Harold A. Knackstedt, defendant (appellee), allegedly doing business as the Knackstedt Drilling Company, to recover for materials sold defendant on account. Defendant filed a motion requesting the trial court to "drop him as such defendant" for the reason that the account set forth in the petition was for "merchandise furnished by plaintiff to Knackstedt Plumbing & Irrigation Co., Inc., and not to Harold Knackstedt personally." The motion alleged Knackstedt had never done business personally as the Knackstedt Drilling Company. From an order of the trial court sustaining defendant's motion plaintiff appeals.

At the outset it may be stated that G. S. 1949, 60-701 provides that the pleadings in a civil action are the written statements by the parties of the facts constituting their respective claims and defenses. Section 60-703 provides that the only pleadings allowed are the petition by the plaintiff, the answer or demurrer by the defendant, the demurrer or reply by the plaintiff, and the demurrer by the defendant to the reply of the plaintiff.

The motion filed by defendant was not a pleading within the definition of our civil code (60-703), and the hearing on the motion was not a trial within the contemplation of our code. (*Prier v. Lancaster,* 169 Kan. 368, 219 P. 2d 358; *Achenbach v. Baker,* 157 Kan. 292, 139 P. 2d 407.)

An examination of the petition reveals that plaintiff clearly stated a cause of action against defendant as an individual for the recovery of money. The allegations in defendant's motion are all matters of defense, which must be pleaded by way of answer to join issues for trial. This court does not intend to permit a defendant to contradict the allegations of a petition or to set up defensive matter by way of a motion and in such manner obtain a decision respecting disputed questions of fact before a joinder of issues and a trial upon the merits of the action. (*Billups v. American Surety Co.,* 170 Kan. 666, 670, 228 P. 2d 731; *Breidenthal v. Breidenthal,* 182 Kan. 23, 31, 318 P. 2d 981.)

Other questions are raised but we need not discuss them, inasmuch as it must be held that the trial court erred in sustaining defendant's motion to plaintiff's petition and dismissing the action. It follows that the judgment of the trial court is reversed and the case is remanded with instructions to reinstate the case and direct the defendant to answer.

It is so ordered.