No. 42,261

In the Matter of the Estate of Gertrude McCourt Shirk, Deceased. BETTY SHIRK O'BRIEN, *Appellant,* v. WILLIAM S. SHIRK, Executor, *Appellee* and *Cross Appellant.*

(363 P. 2d 461)

Opinion filed July 8, 1961.

*Evart Mills,* of McPherson, argued the cause, and was on the briefs for the appellant.

*Emmet A. Blaes,* of Wichita, argued the cause, and *James A. Cassler,* of McPherson, and *Roetzel Jochems,* of Wichita, were with him on the briefs for the appellee and cross appellant.

The opinion of the court was delivered by

JACKSON, J.: This is not the first time this case has been before this court on matters of pleading. It is here again. The first installment will be found in *In re Estate of Shirk,* 186 Kan. 311, 350 P. 2d 1, where the opinion begins by stating: "This proceeding was

commenced in the probate court of McPherson County, Kansas, against the estate of a decedent for specific performance of an oral contract."

The former case involved the petition of the present appellant (hereinafter referred to as the petitioner) and the sustaining of a demurrer to her petition seeking a right under the alleged contract to inherit one-third of her mother's estate. We held in the first case that it had been error for the district court to sustain the demurrer to the petition and reversed the trial court's decision. The opinion in the former case sets out many details which need not be repeated at this time.

When the case returned to the district court, the executor filed an answer. The answer contained seven numbered paragraphs, the first of which was a general denial. Each of the other six paragraphs contained a separate affirmative defense and had a beginning title. The form will be clearer when the paragraphs involved in this appeal are examined *infra.*

On April 7, 1960, petitioner filed in one document separate motions to strike each of the separate affirmative defenses contending in effect that they were insufficient to state a defense as then pleaded in the answer. In many of the paragraphs, petitioner also moved, if the motion to strike were denied, that the defense be amended by alleging additional facts. On May 10, 1960, the district court sustained the motion to strike from the executor's answer the seventh paragraph thereof involving the defense of an election of remedy, and overruled the balance of petitioner's motions.

On May 27, 1960, the petitioner filed a pleading entitled "Demurrers and Reply." This pleading contained separate demurrers to each of paragraphs 3, 4, 5, and 6, on the ground that the separate defenses do not "state facts sufficient to constitute a defense to the causes of action alleged by claimant." The pleading further contained a general denial as to the allegations in paragraph 2 of the answer relating to the non-claim statute.

On July 15, 1960, certain motions, not now involved but filed by petitioner after May 10, 1960, and the separate demurrers to the separate affirmative defenses contained in the answer were argued to the court. The motions were on that day overruled, and the court took the demurrers under advisement until July 25, 1960, at which time it sustained the demurrer to paragraph 3 of the answer and overruled the demurrers as to paragraphs 4, 5, and 6. On July

26, 1960, petitioner appealed to this court from the orders on the demurrers and also from the orders on the motions to strike entered on May 10, 1960, together with the orders on various motions to make the answer definite and certain.

To sum up the situation, the part of the answer now under attack by the separate demurrers and motions to strike read as follows:

"4. *Breach of Filial Obligations.* For many years prior to the death of Gertrude McCourt Shirk, the claimant had by her conduct and actions breached each and every of her filial obligations to her mother, and her violations of such obligations were so serious as to effect a complete severance and termination of any reciprocal obligations, either moral or contractual owing to her by her mother. By reason of the same, the said deceased was completely freed of any legal obligation she may theretofore have had to treat the claimant as an heir at law.

"5. *Advancements.* Through the years prior to the death of the deceased, the claimant had by various devices repeatedly obtained large sums of money from her mother. Said sums also operated as a complete discharge of any obligation of the mother to treat the claimant as an heir at law and were advancements on any such obligation.

"6. *Estoppel.* The claimant is estopped herein from asserting any demand against the estate of her deceased mother inconsistently with the terms and provisions of the last will and testament of the deceased. The claimant herself petitioned the Probate Court of McPherson County, Kansas, for the probate of the said last will and testament. Since the same was admitted to probate, and in accordance with the provisions thereof, the claimant has been paid from the funds of the said estate the sum of $100 per month, and she is continuing to accept the same to the date of the filing of this Answer; and by her said conduct the claimant is ratifying and confirming the last will and testament of the decedent while she at the same time attempts to establish her demand herein completely inconsistently with the provisions of the said last will and testament. The claimant has never, and does not now, tender to restore any part of the said monies paid to her out of the estate of her mother by payment of the same back to the said estate."

To restate the contention of the parties, petitioner claims the executor should plead more facts in the above paragraphs; that as now pleaded the allegations amount to mere conclusions of law. The executor apparently would have it held that these allegations amount to conclusions of ultimate fact, and that it is not necessary or proper to plead matters of evidence. This has been a recurring problem in all states having a code of civil procedure descended from the New York code of 1848, see Clark, on *Code Pleading* (2d ed.) sec. 38, p. 225 *et seq.* where the eminent author discusses the question at some length. As to the handling of this question in Kansas, attention may be directed to the cases cited in Dassler's Kansas Civil Code, supplementary edition, Ch. 11, § 10.

The question which arises first is: Does petitioner as appellant have a timely appeal before the court?

The petitioner raised the same question on her motions to strike as she again raised on the separate demurrers to the various affirmative defenses of the executor's answer. The motions to strike were overruled on May 10, 1960, and the petitioner actually sought only a rehearing of the same questions by filing her separate demurrers to the same paragraphs of the answer attacked by the motions to strike. It is quite clear that the time for an appeal is not extended by asking the trial court for a reexamination of the same question of law (*Weiskirch v. Lux,* 154 Kan. 464, 119 P. 2d 451; *Rockhill, Administrator v. Tomasic,* 186 Kan. 599, 352 P. 2d 444). The trial court first ruled on the sufficiency of the affirmative defenses in the answer on May 10, 1960; the appeal taken on July 26, 1960 was more than two months from the initial order of the court as to the sufficiency of paragraphs 4, 5, and 6 set out above (G. S. 1949, 60-3309). We are of the opinion that the filing of the separate demurrers to these paragraphs merely requested the court to reexamine the ruling on the motion to strike. The mere fact that the trial judge changed his mind upon the defense of the statute of limitations did not have the effect of extending the time for appeal as to the sufficiency of the other affirmative defenses. The only orders included in the notice of appeal which could be considered to allow an interlocutory appeal are the orders on the motions to strike and those overruling the demurrers.

We are fully aware that a motion to strike is not always an appealable order under our code, see the Rockhill case, *supra,* and *Krey v. Schmidt,* 170 Kan. 86, 223 P. 2d 1015. In the Krey case the court held that a "special demurrer" under the facts of that case amounted to a motion to strike and was not appealable. In *Johnson v. Killion,* 179 Kan. 571, 574, 297 P. 2d 177, the court held that a motion to strike the allegations of an answer and challenging the sufficiency thereof to state a defense amounted to a demurrer and was an appealable order. Certainly, the court must look into the substance of the pleading and cannot be bound merely by the name applied thereto by the pleader.

There can be no doubt of the right of the petitioner herein to demur to these separate defenses and to reply to another (G. S. 1949, 60-717 and 60-718).

The appeal in this case was not timely perfected and must be dismissed as the court has no jurisdiction over the subject matter

(*In re Estate of Kerrigan,* 165 Kan. 245, 194 P. 2d 473). It should be noted that the only holding now made is as to the timeliness of the appeal, and that we do not pass upon the sufficiency of the pleading of the affirmative defenses; that question may yet be raised in the trial court or in this court in a proper manner (Dassler's Kansas Civil Code, supplementary edition, Ch. 12, § 14).

The executor of the estate herein states in his brief that he has abandoned his cross appeal and asks that the cross appeal be dismissed. Therefore, the principal appeal and the cross appeal in this case are both dismissed.

FATZER, J. (dissenting): In my judgment the appeal should not be dismissed. G. S. 1949, 60-717 and 60-718 expressly provide that the appellant could demur to each of the separate defenses alleged by the executor, and reply to the residue of the answer. Under the statute (G. S. 1949, 60-3302, *second*) and our decisions (*Sanik v. Shryock Realty Co.,* 156 Kan. 641, 645, 135 P. 2d 545, and *Bartholomew v. Guthrie,* 71 Kan. 705, 81 P. 2d 491) a ruling on a demurrer, whether sustained or overruled, is appealable, and where, as here, it timely reaches this court through proper channels, is entitled to consideration on the merits without regard to the status of the action in the district court (*Dalton v. Hill,* 169 Kan. 388, 389, 219 P. 2d 710), subject, however, to the rule announced in *Harmon v. James,* 146 Kan. 205, 69 P. 2d 690, and subsequent cases which is not here involved.

With the exception of striking the 7th paragraph from the executor's answer involving the defense of an election of remedy, the motion to strike was overruled in its entirety. A demurrer is a pleading (G. S. 1949, 60-703), while a motion is not (G. S. 1949, 60-720; *Dole Irrigation Supply v. Knackstedt,* 186 Kan. 143, 348 P. 2d 602). In view of the foregoing authorities it is unnecessary to determine whether the order overruling the motion to strike was a final order (G. S. 1949, 60-3303) from which an appeal could have been taken on or before July 10, 1960. I do not reach that point since, as previously indicated, the order overruling the separate demurrers is expressly made appealable by G. S. 1949, 60-3302, *second,* and the appeal was timely perfected on July 26, 1960.

The court's opinion cites *Rockhill, Administrator v. Tomasic,* 186 Kan. 599, 352 P. 2d 444, and *Weiskirch v. Lux,* 154 Kan. 464, 119 P. 2d 451, as authority that the appeal was not timely perfected. While I am in accord with what was said and held in them, it is

my opinion they do not control the question presented. Rockhill did not involve a ruling on a demurrer, and Weiskirch held that an appeal from an order requesting the district court to reconsider its order granting a new trial did not extend the time within which an appeal may be perfected from the final order which granted the new trial generally.

Time does not permit an extended discussion of the merits of the demurrers to the separate defenses of the executor, but it is sufficient to say the demurrers should have been sustained to each defense upon the ground that each failed to allege facts sufficient to constitute a legal defense.