No. 42,629

Donna Irene Hoffman, *Appellee,* v. Jackie E. Dautel and Delmer L. Dautel, d/b/a Dautel Brothers, The Home Insurance Company and The Home Indemnity Company of New York, New York, Corporations, *Appellants.*

(373 P. 2d 191)

Opinion filed July 7, 1962.

*John A. Bausch,* of Toeka, argued the cause, and *L. M. Ascough, E. Edward Johnson* and *Wayne T. Stratton,* all of Topeka, were with him on the brief for the appellants.

*Ralph E. Skoog,* of Topeka, argued the cause, and *J. A. Dickinson, Sam A. Crow* and *Bill G. Honeyman,* all of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is an appeal from an order of the district court of Shawnee County, Kansas, *overruling a motion to strike* portions of the plaintiff's petition in a damage action. The controlling question presented is whether such order is appealable.

On June 9, 1958, the plaintiff was riding in an automobile as a passenger with her husband and three children. As they were proceeding along a Kansas highway (U. S. Highway No. 40) west of Topeka in an easterly direction, the automobile in which the plaintiff was riding collided with the defendants' truck which was being operated pursuant to authority of the Kansas Corporation Commission as a common carrier. It is alleged the truck was parked on the highway without lights and warning devices. As a result of the collision three independent actions were filed alleging negligence on the part of the defendants.

A companion case in which the three minor children, through their mother and next friend, sought recovery of damages from the defendants for the negligent injury to their father, who is presently living, was the subject of an appeal to this court in *Hoffman v.*

*Dautel,* 189 Kan. 165, 368 P. 2d 57. There is also a separate suit pending by the husband against these defendants to recover damages for personal injuries to himself. (This cause of action, not a subject of this appeal, was brought by the wife for and on behalf of her husband and includes damage caused to him by reason of her injury and his loss of plaintiff's ability to perform services such as housework for and on behalf of her husband, pursuant to G. S. 1949, 23-205.)

In the instant action against the defendants the plaintiff seeks to recover damages for personal injuries to herself in the amount of $10,000, and also to recover damages in her own behalf for loss of consortium. On this point paragraph XVIII of the petition reads:

"That by reason of the concurrent negligence and concurrent carelessness of the defendants as set out above, the plaintiff's husband, Everett Eugene Hoffman, who was the driver of the automobile as hereinbefore alleged, was seriously and permanently injured and that as a result of the injuries to plaintiff's husband she has been and shall be deprived for the remainder of her life of the services, comfort, society, companionship and consortium of a kind, faithful and loving husband, damaging plaintiff in the sum of $50,000.00."

Upon motion of the defendants the trial court refused to strike paragraph XVIII from the petition. In the same ruling the trial court refused to strike from the petition certain allegations concerning the limits of liability insurance coverage in an insurance policy issued to the defendants, Jackie E. Dautel and Delmer L. Dautel, by The Home Insurance Company and The Home Indemnity Company of New York. The limits of liability in the policy as alleged by the petition were "in the sum of $10,000.00 for loss to property of others in any one accident, $50,000.00 for personal injury or death to any one person in any one accident, and $100,000.00 for injury or death to two or more persons in any one accident." A copy of the policy was *not* attached to the petition.

The defendants have duly perfected an appeal from the order of the trial court refusing to strike the foregoing quoted portions of the petition.

An application to consolidate the children's action against these defendants with the instant action has heretofore been denied by this court. In the children's action (*Hoffman v. Dautel,* supra) the trial court *sustained a motion to strike* three paragraphs from their petition on the ground that the minor children had no cause of action against third parties for personal injuries to their parent, and that $50,000 claimed by each, or a total of $150,000, was not a proper

measure of damage or an allowable item of damages. This order of the trial court, in effect, struck the children's cause of action, and the appeal to this court could therefore be maintained on the ground that it was a final order. Upon consideration of the appeal this court affirmed the decision of the trial court.

The order of the trial court in the instant case, *overruling the motion to strike* portions of the plaintiff's petition, however, presents a different procedural question.

Counsel for the appellants in argument rely upon *Vakas, Administratrix v. Collins,* 189 Kan. 178, 368 P. 2d 271, contending they were required to appeal from the order overruling the motion to strike portions of the plaintiff's petition or they would ultimately lose the point.

In attempting to paraphrase the law, the appellants state, ". . . a Motion to Strike is appealable if the ruling prejudices or will prejudice a substantial right (*Gibson v. Bodley,* 156 Kan. 338, 133 P. 2d 112), or it is appealable if it goes to the merits of the case (*Whitlaw v. Insurance Co.,* 86 Kan. 826, 122 Pac. 1039)."

The appellants also rely upon *Smith v. Wyandotte Furniture Co.,* 154 Kan. 494, 119 P. 2d 478; and *Grain Co. v. Cooperative Association,* 109 Kan. 293, 198 Pac. 964. It is then argued by the appellants that the adverse ruling by the trial court wherein it "refused to strike plaintiff's claim for damages because of personal injury to her husband effects a substantial right of these defendants. The plaintiff wife seeks to recover on a cause of action which we feel the great weight of authority does not permit and which we feel is not permitted under Kansas law. Hence, it would certainly be prejudicial to these defendants to have this issue go to the jury and prejudicial to rights of these defendants to require them to defend a claim not permitted by common law. This portion of our Motion could quite properly be considered as a Demurrer to a separate cause of action in the wife's Petition. Being properly before the Supreme Court, this court can consider the Motion to Strike the allegations in reference to insurance coverage since on timely appeal a party may have a review of prior rulings or an all-inclusive review (G. S. 1949 60-3314a; *Foster v. Humburg,* 180 Kan. 64, 299 P. 2d 46)."

While it may be conceded there is some inconsistency in our decisions (see *In re Estate of Shirk,* 188 Kan. 513, 363 P. 2d 461; *Vakas, Administratrix v. Collins,* supra; and *Allman v. Bird,* 189 Kan. 331, 369 P. 2d 387, including concurring and dissenting opinions),

the statement has frequently been made that under the established rule of this jurisdiction *rulings on motions to strike,* regardless whether such motions have been sustained or overruled, rest in the sound discretion of the trial court and are not appealable under G. S. 1949, 60-3302 and 60-3303, unless they are final, affect a substantial right, or in effect determine the action. (*Nausley v. Nausley,* 181 Kan. 543, 545, 313 P. 2d 302; *In re Estate of Sims,* 182 Kan. 374, 321 P. 2d 185; *Lee v. Johnson,* 186 Kan. 460, 350 P. 2d 772; *Wescoat v. State Highway Commission,* 187 Kan. 228, 356 P. 2d 841; and the many cases cited in these decisions.) Some of the most recent decisions of this court which affirm the foregoing rule are *Klepikow v. Wilson,* 189 Kan. 66, 366 P. 2d 800; and *Allman v. Bird,* supra.

The procedural point here presented was recently discussed and considered in the cases of *In re Estate of Shirk,* supra; *Vakas, Administratrix v. Collins,* supra; and *Allman v. Bird,* supra, by the court and some of its members in concurring and dissenting opinions. Therefore, extended discussion will not be undertaken in this opinion.

In *Pulliam v. Pulliam,* 163 Kan. 497, 183 P. 2d 220, it was said:

". . . we have repeatedly held that motions to strike portions of a petition are not appealable unless they affect a substantial right and in effect determine the action . . ." (p. 499.)

In substance the foregoing states that the order must be *final* to be appealable.

An analogous decision to the same effect is *Allman v. Bird,* supra, where the trial court overruled a motion to strike an affirmative defense from the answer of the defendant. The order was held not to be final within the contemplation of the code of civil procedure, and was therefore not appealable. To the same effect is *Redfield v. Chelsea Coal Co.,* 138 Kan. 373, 26 P. 2d 579, where the court said:

" 'An order overruling a motion to strike out parts of an answer, which does not involve the merits nor determine the action, is not appealable, and can only be reviewed in this court after final judgment in the action.' " (p. 375.)

We hold the order of the trial court in the instant case, *overruling* a motion to strike out paragraph XVIII of the petition, does not constitute a final order within the meaning of G. S. 1949, 60-3302 and 60-3303. It does not in effect determine the action and prevent a judgment. Prior to final judgment in the action it is not appealable. Thus, it is only after final judgment in the action that it can be reviewed in this court.

It should be noted the court is not here confronted with a demurrer, which is expressly made appealable by the provisions of G. S. 1949, 60-3302, *Second.* Nowhere in 60-3302, *supra*, is an order with respect to a motion to dismiss an action or to strike all or part of a pleading made appealable. To be appealable such order must be a "final order" as defined in 60-3303, *supra.*

Even assuming, as the appellants argue, that paragraph XVIII of the petition is a second cause of action alleged by the plaintiff, the refusal of the trial court to strike such second cause of action is not an appealable order.

The general rule is that an order *overruling* a motion to dismiss an action is not a final order and, prior to final judgment, is not appealable. In this situation there is, however, a recognized exception where the ground for the motion to dismiss the action is *want of jurisdiction.* (*Wright v. Rogers,* 167 Kan. 297, 205 P. 2d 1010; *Collins v. Richardson,* 171 Kan. 152, 230 P. 2d 1018; and *Dick v. Drainage District No. 2,* 187 Kan. 520, 358 P. 2d 744.)

On the pleading here under attack the exception to the foregoing rule has no application because the plaintiff's petition states a good cause of action for damages against the defendants on the ground of negligence, and the allegations of the petition in paragraph XVIII relate only to the extent of plaintiff's damages proximately caused by the defendants' negligence.

While it is recognized that an order striking a petition from the files is a final order and therefore appealable (*Pulliam v. Pulliam,* supra, and cases cited therein at p. 498), the reason for the rule has been said to be so obvious as almost to preclude the necessity of commenting upon it. When a motion to strike is sustained, the plaintiff's right to proceed with the cause on its merits is wiped out, and the ruling is to all intents and purposes a final order for which the code gives a right of appeal. But a ruling to the contrary has no such consequence. The *overruling* of a motion to strike a petition from the files or to strike a cause of action does not determine the action or prevent a judgment. It not only leaves the defendant free to conduct his defense, but also permits him after the cause has been tried upon its merits to present the alleged trial errors and irregularities upon appeal and final review. (*Pulliam v. Pulliam,* supra; and see the concluding paragraphs in *Allman v. Bird,* supra; see, also, the concluding paragraphs of *In re Estate of Shirk,* supra.)

The appeal herein, not having been taken from a final order, is dismissed.

PARKER, C. J., and PRICE, J., dissent.

SCHROEDER, J., concurring: I fully concur in the foregoing decision, but think the reasons assigned for the decisions in the cases of *In re Estate of Shirk*, 188 Kan. 513, 363 P. 2d 461; and *Vakas, Administratrix v. Collins*, 189 Kan. 178, 368 P. 2d 271, are consistent with the appellants' contentions herein. The legal import of these decisions is contrary to the holding of the court herein. In my opinion, the reasoning applied in these cases should be overruled. Reference is made to my concurring opinion in *Allman v. Bird*, 189 Kan. 331, 369 P. 2d 387, for a full discussion of this procedural point.